Lee JONES, Appellant

v.

UNITRIN AUTO AND HOME
INSURANCE COMPANY,
Appellee.

Superior Court of Pennsylvania.

Argued Oct. 25, 2011.
Filed Feb. 6, 2012.
Reargument Denied April 19, 2012.

William C. Radcliffe, Uniontown, for appellant.

Allan C. Molotsky, Philadelphia, for appellee.

BEFORE: MUSMANNO, ALLEN, and MUNDY, JJ.

OPINION BY MUNDY, J.:

Appellant, Lee Jones, appeals from the order entered February 4, 2011, granting

the motion for summary judgment filed by Unitrin Auto and Home Insurance Company (Unitrin) in Appellant's declaratory judgment action wherein she sought a determination of her eligibility for underinsured motorist benefits. After careful review, we conclude that, by inclusion of additional language, the underinsured motorist insurance (UIM) rejection form contained in Appellant's insurance application failed to specifically comply with statutory requirements and was therefore void. Accordingly, we reverse and remand for further proceedings.

The trial court summarized the pertinent undisputed facts and procedural history as follows.

> On or about December 14, 2009 [Appellant] commenced the present action by filing a complaint against [Unitrin and George Durst Insurance Agency]. In the complaint, [Appellant] set forth a declaratory judgment action and a class action against Unitrin as well as a negligence action against George Durst Insurance Agency.

> On or about July 9, 2009, [Appellant] was a named insured pursuant to a Unitrin motor vehicle policy, number HB865793, which was issued subject to the Pennsylvania Motor Vehicle Financial Responsibility Law (hereinafter "MVFRL"). On the aforesaid date, [Appellant] was injured while she was a passenger in a motor vehicle due to the negligence of a third party tortfeasor. The damages suffered by [Appellant] as a result of the motor vehicle accident exceeded the liability limits for the tortfeasor's vehicle. Pursuant to MVFRL, Unitrin was required to provide uninsured motorist (hereinafter "UM") and underinsured motorist ("UIM") coverage in an amount equal to the liability coverage to its insureds, unless a valid rejection form was executed by the named insured. [Appellant] alleges that the Unitrin rejection form executed by her for UIM coverage did not comply with Section 1731(c.1) of MVFRL and thus was not valid.

> Unitrin filed its motion for summary judgment to [Appellant's] declaratory judgment action on May 13, 2010. Oral argument was held before [the trial c]ourt on August 13, 2010.

Trial Court Opinion, 2/4/11, at 2–3; Certified Record (C.R.) at 24.

The trial court granted Unitrin's motion for summary judgment by order and accompanying memorandum opinion filed February 4, 2011. C.R. at 24. On February 22, 2011, Appellant filed a praecipe to discontinue, with prejudice, its case against George Durst Insurance Agency. C.R. at 25. Thereafter, on February 28, 2011, Appellant filed a notice of appeal. C.R. at 26.[1]

On appeal, Appellant raises the following questions for our review.

> I. Is the insurer's uninsured/underinsured ("UM/UIM") rejection form void as it adds language regarding stacking which does not comply with the mandated rejection form contained in section 1731?

> II. Is there a factual issue which precludes summary judgment as to whether Unitrin Auto and Home Insurance Company's deviation from the statutorily-required language in its UIM rejection form was confusing to the claimant?

Appellant's Brief at 4.

When reviewing a trial court's decision to grant a motion for summary judgment,

---

1. The trial court did not order Appellant to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b) and did not file any additional Rule 1925(a) opinion.

we adhere to the following standard and scope of review.

We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

*Erie Ins. Exchange v. Larrimore,* 987 A.2d 732, 736 (Pa.Super.2009) (citation omitted). Additionally, we note, "[o]rdinary summary judgment procedures are applicable to declaratory judgment actions." *Keystone Aerial Surveys, Inc. v. Pennsylvania Property & Cas. Ins. Guar. Ass'n,* 777 A.2d 84, 88 (Pa.Super.2001) (citation omitted), *affirmed,* 574 Pa. 147, 829 A.2d 297 (2003).

■ Resolution of this matter requires interpretation of section 1731 of the MVFRL, which is a pure question of law. "As the issue in this case is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Vanderhoff v. Harleysville Ins. Co.,* 606 Pa. 272, 997 A.2d 328, 333 (2010). With respect to statutory construction of the MVFRL, we are further guided in our review by the following principles.

Overall, the MVFRL ... is to be construed liberally in order to promote justice and to give effect to its objects. One of the objects of the MVFRL to be effected by this liberal construction is affording the injured claimant the greatest possible coverage. We must remain mindful that in close or doubtful cases, we must interpret the intent of the legislature and the language of insurance policies to favor coverage for the insured.

*Larrimore, supra* at 740 (quotation marks and citations omitted). "[T]he rules of statutory construction require that 'whenever possible each word in a statutory provision is to be given meaning and not to be treated as surplusage.'" *Winslow–Quattlebaum v. Maryland Ins. Group,* 561 Pa. 629, 752 A.2d 878, 881 (2000), *quoting* 1 Pa.C.S.A. § 1921(a).

■ Appellant first argues that the UIM rejection form contained in her policy application with Unitrin is void for failure to comply with section 1731 of the Motor Vehicle Financial Responsibility Law (MVFRL).[2] Appellant's Brief at 7. Specifically, Appellant faulted the UIM rejection form used by Unitrin in her policy application for impermissibly adding a sentence to the statutorily mandated language of 75 Pa.C.S.A. § 1731(c). *Id.*

The statute provides as follows.

**(c) Underinsured motorist coverage.**— Underinsured motorist coverage shall provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of underinsured motor vehicles. The named insured shall be informed that he may reject underinsured motorist coverage by signing the following written rejection form:

REJECTION OF UNDERINSURED MOTORIST PROTECTION

2. 75 Pa.C.S.A. §§ 1701–1799.7.

By signing this waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage.

.    .    .    .    .

Signature of First Named Insured

.    .    .    .    .

Date

**(c.1) Form of waiver.**—Insurers shall print the rejection forms required by subsections (b) and (c) on separate sheets in prominent type and location. The forms must be signed by the first named insured and dated to be valid. The signatures on the forms may be witnessed by an insurance agent or broker. Any rejection form that does not **specifically** comply with this section is void.

75 Pa.C.S.A. § 1731(c), (c.1) (emphasis added).

The UIM rejection form at issue in Appellant's policy with Unitrin includes the mandated language albeit with an additional sentence.

REJECTION OF UNDERINSURED MOTORIST PROTECTION

By signing this waiver, I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses

and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage. **By rejecting this coverage, I am also signing the waiver on P. 13 rejecting stacked limits of underinsured motorist coverage.**

Signature of first named insured /s/ Ms Lee Jones

Date 10/8/08

Policy Number ____ [number typed in here]

Plaintiff's Complaint, Exhibit B; C.R. at 1 (emphasis added).

The trial court, after reviewing pertinent case law, noted that "[t]here are no appellate decisions addressing the effect of additional words on the validity of a § 1731(c) rejection form." Trial Court Opinion, 2/4/11, at 10–11. The trial court then reviewed this Court's decision in *American Intern. Ins. Co. v. Vaxmonsky,* 916 A.2d 1106 (Pa.Super.2006), wherein we "determine[d] to what extent insurers must comply with 1731(c.1)'s mandate in printing the 1731(c) form." *Id.* at 1108. In *Vaxmonsky,* the insured claimed the UIM rejection form contained in his policy application was void because it did not "specifically comply" with section 1731(c) as required by section 1731(c.1). *Id.* at 1107. Distinguishing precedent permitting an insurer's substantial compliance with other sections of the MVFRL, the *Vaxmonsky* Court recognized "that valid rejections of UIM coverage must use the specific form in section 1731(c), while other forms do not expressly mandate specific compliance with the statute." [3] *Id.* at

---

**3.** For example, section 1738(e)'s requirements for rejecting stacking coverage provide that "[a]ny rejection form that does not comply with this section is void." 75 Pa.C.S.A. § 1738(e). Contrastingly, section 1731(c.1) requires that UIM rejection forms "**specifically** comply" with the section. 75 Pa.C.S.A. § 1731(c.1) (emphasis added).

1109. "Giving meaning to each word of the relevant sections, we find that Section 1731(c.1) requires more exacting scrutiny of the relevant forms...." *Id.* Accordingly, the *Vaxmonsky* Court determined that the omission of the word "all" from the mandated phrase "all losses and damages" set forth in section 1731(c)'s UIM rejection form was noncompliant with section 1731(c.1). "[T]he MVFRL specifically expands the scope of UIM coverage to all losses and damages; thus, [the insurer] has limited coverage by deleting 'all,' and therefore imposed ambiguity where none existed. Furthermore, by deleting this expansionary and clarifying word, Appellant has also failed to include all of the required statutory language." *Id.* Because the UIM rejection form was noncompliant, it was void. *Id.* at 1110. The *Vaxmonsky* Court expressly noted the limitation of its holding relative to the circumstances we confront in the case *sub judice*, where language is **added** to the mandated text of the prescribed Rule 1731(c) UIM rejection form. "[W]e offer no opinion as to whether the addition of clarifying language to a 1731[ ](c) form would be considered in specific compliance with Section 1731(c.1)." *Id.* at 1109, n. 5.

Next, the trial court considered our Supreme Court's decision in *Winslow–Quattlebaum, supra.* In *Winslow–Quattlebaum,* "[t]he sole issue before [the Supreme] Court [was] whether an insured's rejection of underinsured motorist benefits must appear alone on a page in the insurance application to be valid pursuant to 75 Pa.C.S. § 1731(c.1)." *Id.* at 879. In that case, the UIM rejection form appeared on the same page in the insurance

application as the UIM stacking rejection form. Our Supreme Court held,

> [t]here is nothing in the language of section 1731(c.1) to suggest that the required rejection statement for UM or UIM coverage must stand alone on a page without any other writing. Rather, the plain language of this section merely requires that the rejection statement for subsection (b)(UM) coverage appear on a page *separate from the rejection statement for subsection (c)* (UIM) coverage.

*Id.* at 880–881 (emphasis in original). Significantly, the specific compliance of each form with the language requirements imposed by sections 1731(c) and 1738(e) was not at issue, and the UIM rejection form appeared intact above its signature and date lines followed by the UIM stacking rejection form above its signature and date lines. *Id.* at 879–880.

Construing the foregoing cases, the trial court ultimately concluded that the additional sentence in Unitrin's UIM rejection form was more akin to the circumstance in *Winslow–Quattlebaum* than in *Vaxmonsky.* It reasoned, since "[t]he additional sentence provided by Unitrin also pertains to UIM information[,] ... the UIM rejection here specifically complied with § 1731(c.1) and is not void due to the inclusion of the additional sentence." Trial Court Opinion, 2/4/11, at 12. We disagree.

The trial court focuses on the fact that all of the prescribed language in section 1731(c) was contained in Unitrin's UIM rejection form. However, section 1731(c) also prescribes the **proximal relationship** between the required language and the required signature and date lines following the language.[4] Instantly, Unitrin's UIM rejection form interposes a sentence, not

---

4. The forms at issue in *Winslow–Quattlebaum, supra,* adhered to this proximal relationship. Accordingly, *Winslow–Quattlebaum* provides no support for the contention that additional

material on the same **page** as the UIM rejection form is equivalent to additional language within the form itself.

directly related to rejection of UIM coverage, between the required language and the signature line. Accordingly, it does not "specifically comply" with section 1731(c) as required by section 1731(c.1). *See* 75 Pa.C.S.A. § 1731.

Unitrin and the trial court justify the additional sentence by characterizing it as "clarifying" language.[5] Unitrin's Brief at 13–14. "[The additional sentence] is merely a clerical sentence, intended to assist the reader in distinguishing the UIM forms." *Id.* at 14. However, as we recognized in *Vaxmonsky,* the legislature, due to the importance of the rights at stake, directed that insurers specifically comply with section 1731. This directive obviated the need for reviewing courts to engage in a substantial compliance analysis otherwise applicable to other sections of the MVFRL. *See, e.g., Vosk v. Encompass Ins. Co.,* 851 A.2d 162 (Pa.Super.2004) (addressing substantial compliance with section 1738 rejection of UIM stacking form), *appeal denied,* 581 Pa. 708, 867 A.2d 524 (2005); *Hartford Ins. Co. v. O'Mara,* 907 A.2d 589 (Pa.Super.2006) (*en banc*) (addressing substantial compliance with section 1734 reduction of UIM coverage limits), *appeal denied,* 591 Pa. 727, 920 A.2d 833 (2007). If we accept Unitrin's position, reviewing court's would now, akin to determining if altered language amounted to substantial compliance, be obligated to address the question of whether added language was indeed "clarifying" or, on the other hand, created an ambiguity. This would thwart the legislative intent and the plain import of its requirement of specific compliance with section 1731.

Finally, Unitrin advances as persuasive authority the unreported U.S. District Court decision in *Unitrin Auto & Home*

*Ins. Co. v. Heister,* 2005 WL 2314372 (M.D.Pa.2005). *See Martin v. Hale Products, Inc.,* 699 A.2d 1283, 1287 (Pa.Super.1997) (holding, "decisions of the federal district courts . . . are not binding on Pennsylvania courts, . . . [but may] possess a persuasive authority"). In *Heister,* the District Court held that a UIM rejection form identical to the one at issue in the instant case **did** specifically comply with Rule 1731(c). *Id.* at *4–*5. The *Heister* court based its decision on two grounds. First, it cited our Supreme Court's pronouncement in *Winslow–Quattlebaum* that "the courts of this Commonwealth . . . afford great deference to the interpretation [of statutory language] rendered by the administrative agency overseeing the implementation of such legislation." *Winslow–Quattlebaum, supra* at 881 (citations omitted). After reviewing certain affidavits presented by the insurer, the *Heister* court found that the Pennsylvania Insurance Department had approved the forms, and the court deferred to that approval. *Heister, supra* at *3–*4. As an alternative basis for its decision, the *Heister* court cited Pennsylvania appellate cases concerning forms rejecting stacking of UIM coverage under section 1738 of the MVFRL. Extrapolating those cases, the *Heister* court found that the subject form did specifically comply with section 1731(c).

We conclude the holding of the *Heister* court is unavailing to Unitrin. As noted by the trial court, Unitrin presented no evidence in the record of the instant case of the administrative agency's interpretation of section 1731(c) relative to the form used in Appellant's policy. Trial Court Opinion, 2/4/11, at 6 n. 1. We also note that both *Winslow–Quattlebaum* and *Vax-*

---

**5.** Whether the added language used in this case is in fact clarifying is by no means apparent. It conflates the issues of underinsurance coverage and underinsurance stacking and adds ambiguity to the UIM rejection form where in its absence none existed.

*monsky* cited 31 Pa.Code § 68.103 and the therein referenced Appendix A, which prescribed use of the exact form contained in the statute.[6] *Winslow–Quattlebaum, supra* at 882. Additionally, *Heister* was decided before this Court's decision in *Vaxmonsky, supra,* which rejected the approach used by the *Heister* court and "[d]ecline[d] to expand [the] holdings [of section 1738(e) cases] to section 1731 forms." *Vaxmonsky, supra* at 1109 n. 5. We also note that, notwithstanding its holding, the *Heister* court admonished, "we believe the better practice for [insurers] is *not* to supplement the required language of § 1731." *Heister, supra* at *5 (emphasis in original).

■ In conclusion, we hold that additions to the prescribed language, and deviation from the proximal relationship of the components, of the UIM rejection form required by 75 Pa.C.S.A. § 1731 fail to specifically comply with the statute and is consequently void.[7] Accordingly, we determine the trial court erred as a matter of law when it granted Unitrin's summary judgment motion. We therefore reverse the order of February 4, 2011, and remand for further proceedings consistent with this opinion.

Order reversed. Case remanded. Jurisdiction relinquished.

Judge ALLEN files a Dissenting Opinion.

**DISSENTING OPINION BY ALLEN, J.:**

I respectfully dissent from the Majority's conclusion that "by inclusion of additional language, the underinsured motorist insurance (UIM) rejection form contained in Appellant's insurance application failed to specifically comply with statutory requirements and was therefore void." Majority Opinion at 126. Based on the applicable standard and scope of review in this case, in conjunction with my review of the record, I would affirm the trial court's grant of Unitrin's motion for summary judgment because I find that Unitrin's UIM rejection form specifically complied with 75 Pa.C.S.A. §§ 1731(c) and 1731(c.1), and was therefore enforceable against Appellant.

In this case, it is undisputed that Unitrin's UIM rejection form was printed separately from the UM rejection form, was signed and dated by Appellant as the first named insured, and contained a *verbatim* recitation of § 1731(c)'s language. *See* Unitrin's UIM rejection form. Immediately following the *verbatim* recitation of § 1731(c)'s language on Unitrin's UIM rejection form, there is a single additional sentence stating: "By rejecting this coverage, I am also signing the waiver on p. 13 rejecting stacked limits of underinsured motorist coverage." *Id.*

Appellant claims, and the Majority agrees, that this additional sentence renders Unitrin's UIM rejection form void and unenforceable against Appellant based on the ruling in *American International Insurance Company v. Vaxmonsky,* 916 A.2d 1106 (Pa.Super.2006). I disagree.

The trial court cogently explained:

In *Vaxmonsky,* the Superior Court found the UIM rejection form to be void because it did not specifically comply with § 1731(c.1) since it omitted

---

6. The cited Code section was as extant in 1998. The section was designated reserved on July 31, 1999, and remains so designated. *See* 31 Pa.Code Chapter 68.

7. In light of our resolution of Appellant's first issue we do not reach her second issue, whether a material issue of fact existed relative to whether the UIM rejection form in the instant case was confusing.

the word "all" from the phrase "all losses and damages." The Superior Court determined the insurer had limited coverage by deleting "all", and therefore imposed ambiguity where none had existed.

\* \* \*

The Court in *Vaxmonsky* was clear that in order to specifically comply with § 1731(c.1) the rejection form must include all of the required language. Additionally, in order to be valid the UIM rejection form must: 1.) appear on a sheet separate from the UM rejection; 2.) be signed by the first named insured; and 3.) be dated. *Winslow–Quattlebaum v. Maryland Insurance Group,* [752 A.2d 878], 882.

\* \* \*

**However, in *Winslow–Quattlebaum v. Maryland Insurance Group,* the Pennsylvania Supreme Court found that there is no prohibition to having the § 1731(c.1) rejection of UIM benefits and the § 1738(d) rejection of UIM stacking benefits appear on the same official form.**

\* \* \*

Here, the UIM rejection appears on a separate sheet from the UM rejection. It is signed and dated. It also contains all the language set forth in § 1731(c.1). However, the UIM rejection form contains an additional sentence referring the need to also sign the waiver for stacked UIM coverage. **While it may only be dicta, the Pennsylvania Supreme Court said [in *Winslow–Quattlebaum* ] there is nothing in the language of § 1731(c.1) to suggest the UIM rejection must stand alone on a page without any other writing.** The additional sentence provided by Unitrin also pertains to UIM information. Therefore, we find that the UIM rejec-

tion here specifically complied with § 1731(c.1) and is not void due to the inclusion of the additional sentence.
Trial Court Opinion, 2/4/11, at 9–12 (emphasis added).

I agree with the trial court and its reliance on *Winslow–Quattlebaum, supra,* which is binding on this Court. I find that if the Supreme Court in *Winslow–Quattlebaum* did not prohibit placing the UIM rejection form and the UIM stacking rejection form on the same page, then in this case, including a *single sentence* about UIM stacking rejection in the same paragraph as UIM rejection is permissible. *Id.* at 881–882. Although the Majority concludes "section 1731(c) also prescribes the **proximal relationship** between the required language and the required signature and date lines following the language", my review of this section does not lead to the same conclusion. Although § 1731(c) does show the required language being placed directly above the signature and date lines, § 1731(c) does not otherwise expressly dictate the "proximal relationship" between the required language and signature and date lines.

In rejecting the application of *Winslow–Quattlebaum* as dispositive of this case, the Majority contends that in *Winslow–Quattlebaum,* "the forms at issue … adhered to this proximal relationship [and] [a]ccordingly, *Winslow–Quattlebaum* provides no support for the contention that additional material on the same **page** as the UIM rejection form is equivalent to additional language within the form itself." Majority Opinion at 129 (emphasis in original).

I further disagree with the Majority because the hazards referenced in 75 Pa.C.S. § 1731(c.1) that would give rise to voidability of Unitrin's UIM rejection form are not found under our facts. Indeed, 75 Pa. C.S.A. § 1731(c.1) mandates specific com-

pliance with the requirement that the UIM and UM rejection forms be printed separately, as was done here, and it states "[t]he [UIM rejection form] must be signed by the first named insured and dated to be valid." These strictures for specific compliance and validity were met under our facts.

Unitrin produced a separately printed and duly executed (signed and dated) form by Appellant as the first named insured, which contained a *verbatim* recitation of the statutorily prescribed language required by 75 Pa.C.S.A. § 1731(c). The addition of a *single sentence* referencing a related topic on the same paragraph as Unitrin's UIM rejection form does not render Unitrin's UIM rejection form void and unenforceable against Appellant.

Therefore, framing my analysis by our standard of review, which mandates the affirmance of the trial court's order in the absence of error of law or abuse of discretion, I would affirm the trial court's grant of Unitrin's motion for summary judgment. I find that Unitrin's UIM rejection form specifically complied with the language requirements of 75 Pa.C.S.A. § 1731(c). I also find Unitrin's UIM rejection form met the requirements of § 1731(c.1) in that it was separate and apart from its UM rejection form, and it was signed and dated by Appellant, the first named insured. Moreover, I find that the *single sentence* in Unitrin's UIM rejection form referencing UIM stacking does not void Appellant's rejection. *See Winslow–Quattlebaum, supra.*

Although the Majority does not address Appellant's contention that the trial court's grant of Unitrin's motion for summary judgment was erroneous because a genuine issue of material fact remained as to whether Unitrin's UIM rejection form was confusing, I find this issue relevant because Appellant seeks to gain a benefit for which she did not, in any way, bargain or pay. It is well settled that "[a] man must do justice before he asks equity." *The Sharon Iron Co. v. The City of Erie,* 41 Pa. 341, 342 (1861).

Appellant's claims of "confusion" are delineated in the affidavit she filed in support of her Answer to Motion for Summary Judgment, in which she *conceded* she "signed rejection forms for uninsured and underinsured motorist coverage" but claimed that "[b]ased on the last sentence of the rejection forms it was not clear to [Appellant] if [Appellant] was rejecting uninsured or underinsured coverage, or stacked uninsured or underinsured coverage." Appellant's Affidavit in Support of Appellant's Answer to Motion for Summary Judgment, 7/19/10, at 1.

Appellant also asserted that "[o]n May 28, 2009, [she] received an amended declarations [page] from Unitrin which … did not show underinsured motorist coverage … listed medical payments and uninsured motorists [coverage] [,] [as well as] UM/UIM stacking [and] non-stacking options." *Id.* Appellant averred "[i]t [was] unclear to [Appellant] from [her] amended declarations page whether or not [she] had uninsured or underinsured motorist coverage." *Id.* at 2.

The trial court explained:
Generally, the Court rather than a jury interprets an insurance contract. *Madison Cont. Co. v. Harleysville Mut. Ins. Co.,* 557 Pa. 595, 735 A.2d 100 (1999), *citing Gene & Harvey Guilders [Builders], Inc. v. Pennsylvania Mfrs. Ass'n. Ins. Co.,* 512 Pa. 420, 517 A.2d 910 (1986). In interpreting an insurance policy, the Court must ascertain the intent of the parties as manifested by the language of the written agreement. *Harleysville Ins. Co. v. Aetna Casualty and Surety Ins. Co.,* 568 Pa. 255, 795 A.2d 383 (2002), *quoting Travelers Casu-*

*alty and Surety Company v. Castegnaro*, 565 Pa. 246, 772 A.2d 456, 459 (2001). Words of common usage are to be construed in their natural plain and ordinary meaning. *Madison Cont. Co. v. Harleysville Mut. Ins. Co., supra.* When policy language is clear and unambiguous, the Court is required to give effect to the language of the contract. *Harleysville Ins. Co. v. Aetna Casualty and Surety Ins. Co., supra.* Where a provision of an insurance policy is ambiguous, the provision is to be construed against the drafter. *Madison Cont. Co. v. Harleysville Mut. Ins. Co., supra.*

The allegations contained in [Appellant's] Declaratory Judgment Action only aver that the rejection form does not comply with the MVFRL. There are no allegations that the policy was confusing or ambiguous. Further, we find the policy language to be clear and unambiguous. Therefore, we do not believe there to be material facts in dispute that would prohibit the entry of summary judgment. *Kline v. Old Guard Ins. Co.*, 820 A.2d 783 (Pa.Super.2003). Accordingly, Unitrin's Motion for Summary Judgment is GRANTED.

Trial Court Opinion, 2/4/11, at 13–14.

I agree with the trial court. Appellant's averments do not raise a genuine issue of material fact that would preclude the trial court's grant of Unitrin's motion for summary judgment. A plain reading of the subject declarations page referenced by Appellant reveals that although the term "uninsured motorist coverage" was located on the declarations page, there were no premiums listed next to that term, thereby obviating a basis on which Appellant could reasonably claim that she had purchased and accepted such coverage, and that such coverage was being provided by Unitrin.

Further, I find that the mere reference at the bottom of the declarations page to UM/UIM stacking and non-stacking options is devoid of any confusion or ambiguity because the options were explained in the Unitrin Personal Auto Policy that was issued to Appellant, and provided to Appellant for her review. *See* Appellant's Amended Declarations Page, at 1; *See also* Unitrin's Personal Auto Policy HB 865793 issued to Appellant.

Additionally, a plain reading of the UIM rejection form at issue does not reveal a *single word denoting acceptance*, but instead, has three statements of rejection on line 1, line 7, and line 8, all of which pertain to UIM benefits. Although it is unfortunate that Appellant eventually needed the very benefits she rejected, her need does not abrogate her rejection of that coverage, her lack of payment for that protection, and the fact that, as the trial court found, "the policy language [was] clear and unambiguous" which "required [the trial court and this Court,] to give effect to the language of the contract." *See* Trial Court Opinion, 2/4/11, at 13 *citing Harleysville Ins. Co. v. Aetna Casualty and Surety Ins. Co.*, 568 Pa. 255, 795 A.2d 383 (2002).

Therefore, finding no error of law or abuse of discretion in the trial court's grant of Unitrin's motion for summary judgment, I would affirm the trial court's order, and therefore respectfully dissent from the Majority.