**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4788
_____

JANET LIEB; ED LIEB,

Appellants

v.

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY

_____

On Appeal from the District Court
for the Eastern District of Pennsylvania
(No. 2-14-cv-04225)
District Judge:  Honorable Cynthia M. Rufe
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 5, 2015

Before:  FUENTES, JORDAN, and VANASKIE, *Circuit Judges*

(Filed: January 6, 2016)

_____

OPINION[*]
_____

FUENTES, *Circuit Judge*:

The plaintiffs in this case, Janet and Ed Lieb, had the misfortune of waiving

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

underinsured motorist coverage only to be rear-ended by an underinsured driver. They now seek to compel their insurer, Allstate Property and Casualty Insurance Company, to provide underinsured motorist coverage on the ground that their waiver was invalid. It was not, and so we will affirm.

## I.

The Liebs purchased an insurance policy on their car in May of 2012. As part of that transaction, Ed Lieb signed a waiver of underinsured motorist coverage. It stated:

> By signing this waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured motorist coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage.[1]

The waiver form, which Allstate provided, included lines for a signature and date. Ed Lieb signed the form but did not handwrite a date. He then faxed the form back to Allstate. When Allstate received the form, it bore a machine-written legend at the top including a timestamp, "05/17/2012 12:25," a fax number, and the words "KAYLINE PROCESSING INC." Kayline Processing is purportedly Ed Lieb's employer.[2]

A little over one year later, Janet Lieb was driving with Ed Lieb in the passenger seat when they were rear-ended by another car.[3] The Liebs claim to have suffered

---

[1] App. Vol. I at 158.

[2] *Id.* at 152.

[3] Am. Compl. (App. Vol. I at 16–31) ¶¶ 5–8.

2

permanent and disfiguring injuries in the crash.[4]  They then sued Allstate in the Philadelphia Court of Common Pleas for underinsured motorist benefits and bad faith, claiming that their waiver of underinsured motorist coverage was invalid.[5]

Allstate removed the case to the Eastern District of Pennsylvania and moved to dismiss the complaint.  The Liebs moved to remand the case back to state court and moved to file an amended complaint.  The District Court granted the motion to amend the complaint and denied Allstate's first motion to dismiss as moot.  The Liebs then filed their amended complaint and Allstate again moved to dismiss.

The District Court denied the Liebs' motion to remand and granted Allstate's motion to dismiss.  For reasons that will appear, we will affirm both decisions.[6]

## II.

The Liebs contend that the District Court should have remanded the case to state court on the ground that they seek as damages less than the $75,000 jurisdictional threshold.  We disagree.

The Liebs' state-court complaint included counts for underinsured motorist coverage and for bad faith.  The Liebs sought (i) $50,000 in damages, "plus all costs and

---

[4] *Id.* ¶¶ 14–15, 23–24.

[5] *See* State Compl. (App. Vol. I at 39–53).  The state complaint also included an alternative claim for uninsured motorist coverage.

[6] We exercise plenary review over a district court's denial of a motion to remand. *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 665 (3d Cir. 2002).  We also exercise plenary review over an appeal from the grant of a motion to dismiss.  *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 452 (3d Cir. 2006).  We have jurisdiction over an appeal from a district court's final order under 28 U.S.C. § 1291.

other relief this court deems necessary," on the underinsured coverage claim, and (ii) $50,000 in damages, "plus statutory interest, punitive damages, and attorney's fees," on the bad faith claim.[7] The amended complaint, filed after the case was removed to federal court, seeks (i) "an amount in excess" of $50,000 "but not more than" $75,000 on behalf of both Janet and Ed Lieb for underinsured motorist coverage,[8] and (ii) the same $50,000 to $75,000 dollar range, "inclusive of statutory interest, punitive damages, and attorney's fees," on the bad faith claim.[9] While one could certainly read the amended complaint as seeking upwards of $100,000 on behalf of each plaintiff, the Liebs claim to have limited each of their total recoveries to no more than $74,999.[10] They therefore assert that the District Court lacked removal jurisdiction because the damages claims in their amended complaint are below the $75,000 jurisdictional threshold.

We begin with first principles. Allstate removed this case to federal court under 28 U.S.C. § 1441(a), which permits a defendant to remove any case over which the federal court would have had original jurisdiction. Here, the basis for jurisdiction is diversity of citizenship, as the Liebs are citizens of Pennsylvania and Allstate is a citizen of Illinois.[11] The District Court therefore would have had diversity jurisdiction under 28 U.S.C. § 1332(a)(1), so long as the amount in controversy exceeds $75,000.

---

[7] App. Vol. I at 46, 47.

[8] *Id.* at 20, 23.

[9] *Id.* at 24, 25.

[10] *See id.* at 60 (Liebs' Mem. of Law in Support of their Motion to Remand).

[11] *See id.* at 33 (Notice of Removal) ¶ 3.

4

Where the Liebs go awry is in seeking remand on the basis of the damages figures in their amended complaint. When assessing whether allegations in a state-court complaint are sufficient to support removal to federal court, we look to the complaint that was in effect when removal occurred.[12] Here, that means we consider only the allegations in the complaint filed in the Philadelphia Court of Common Pleas. Nor can plaintiffs "destroy federal jurisdiction simply by amending a complaint that initially satisfied the monetary floor."[13] The District Court reviewed the allegations in the Liebs' original complaint and concluded that, in view of claims for statutory damages, punitive damages, and attorneys' fees, that complaint sought more than the $75,000 jurisdictional threshold on behalf of each plaintiff. This is a "reasonable reading of the value of the rights being litigated," and we will not disturb it.[14]

### III.

The Liebs next challenge the District Court's grant of Allstate's motion to dismiss. They assert that their waiver of underinsured motorist coverage was invalid under Pennsylvania law and that the District Court erred by concluding otherwise. We agree with the District Court and will affirm its decision to dismiss the case.

The Liebs rely on the section of the Pennsylvania Motor Vehicle Financial

---

[12] *See, e.g.*, *Werwinski*, 286 F.3d at 666 (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

[13] *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3d Cir. 1993).

[14] *Id.* at 146.

Responsibility Law governing waivers of underinsured motorist coverage.[15]  That provision mandates the precise language that must appear in a waiver form and states that the form "must be signed by the first named insured and dated to be valid."[16]  Any form "that does not specifically comply" with these requirements is void.[17]  The Liebs read these rules to require that a waiver form be signed and dated *by the insured* and claim that their waiver is void because Ed Lieb did not date the form himself.  Allstate contends that the law only requires a waiver form to be dated in some way, not necessarily by the insured, and insists that the machine-written timestamp that appears on the Liebs' faxed form should suffice.

We conclude that Allstate's interpretation of the law is more persuasive.  First, as a matter of plain reading, the law does not say that a waiver form must be "signed *and dated* by the first named insured to be valid."  Rather, it says that it must be "signed by the first named insured and dated to be valid."  The Pennsylvania Legislature was certainly capable of adopting the first formulation, but it opted not to.  Second, as explained by the only other court to have interpreted this provision, "Pennsylvania courts generally have applied consumer protection regulations in a common sense manner to effectuate their purpose without giving an insured a windfall in circumstances where the

---

[15] 75 Pa. Cons. Stat. Ann. § 1731(c.1).

[16] *Id.*

[17] *Id.*  If a waiver is invalid, underinsured motorist coverage "under that policy shall be equal to the bodily injury liability limits."  *Id.*

6

reasons for the protection afforded are not implicated."[18]  Understood this way, the "only logical purpose for a date is to eliminate disputes about when such a waiver was effective."[19]  The Liebs' reading, by contrast, would allow wily insureds to file undated waiver forms in the hope of duping an inattentive insurer, only to later demand coverage if an accident were to occur.

To be fair, the Liebs are correct when they point out that Pennsylvania courts have strictly applied that state's insurance waiver laws.  So, for example, courts have held that the addition or omission of even a single word from the statutorily required waiver language renders a waiver form invalid.[20]  But the issue here is not whether to apply the waiver statute strictly, but rather how to interpret that law in the first instance.  In our view, the machine-written timestamp on the Liebs' waiver form suffices for the form to have been "dated" in accordance with Pennsylvania law. [21]

---

[18] *State Farm Fire & Cas. Co. v. Rey*, No. 94-cv-5274 (JCW), 1995 WL 241493, at *2 (E.D. Pa.  Apr. 21, 1995) (concluding that a date pre-inscribed by an insurance company on a waiver form was sufficient for the form to be "dated" under Pennsylvania law).

[19] *Id.* at *3.

[20] *See, e.g.*, *Jones v. Unitrin Auto & Home Ins. Co.*, 40 A.3d 125, 131 (Pa. Super. Ct. 2012) (additional language rendered a waiver form invalid); *Am. Int'l Ins. Co. v. Vaxmonsky*, 916 A.2d 1106, 1110–11 (Pa. Super. Ct. 2006) (omission of the word "all" from the phrase "all losses and damages" rendered a waiver form invalid).

[21] The Liebs contend that, by reaching this conclusion, both we and the District Court are improperly refusing to apply Pennsylvania law.  *See, e.g.*, Liebs' Br. at 10 ("The state law is outcome determinative on its face and failure to apply it would lead to forum shopping and inequitable administration of law.").  This is mistaken.  In the absence of clear precedent, we simply interpret Pennsylvania law differently than the Liebs do.

## IV.

Before we conclude, a final word about attention to detail is appropriate. The Liebs' state-court complaint included counts for underinsured motorist coverage *and* uninsured motorist coverage, though the Liebs' counsel attached as an exhibit to the complaint only the form waiving uninsured motorist coverage.[22] When the District Court granted the Liebs' motion to amend, the Liebs filed a new complaint that raised only a claim for underinsured motorist coverage, but still—erroneously—attached the waiver form for uninsured motorist coverage.[23] Allstate pointed out the mistake and provided the District Court with the correct waiver form.[24] The District Court even noted the confusion over the correct form in its opinion.[25] Despite all of this back-and-forth, both the Liebs *and* Allstate refer to the wrong form in their briefing before this Court.[26] Such a mistake is problematic enough on its own, but it is fairly astonishing in a case like this that hinges entirely on the legal validity of a single piece of paper. Counsel for both parties are well advised to be more diligent in the future.

We will affirm the judgment of the District Court.

---

[22] App. Vol. I at 52.

[23] *Id.* at 31.

[24] *Id.* at 152 n.1 (noting the mistake); *id.* at 158 (attaching the correct waiver form).

[25] *Id.* at 14 n.23.

[26] *See* Liebs' Br. at 11 (citing App. Vol. I at 31); Allstate's Br. at 2, 5, 8 (same).