J-A23026-17 & J-A23027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JOHN J. BIELEC | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| AMERICAN INTERNATIONAL GROUP, | : |
| INC., NATIONAL UNION FIRE | : |
| INSURANCE COMPANY OF | : No. 336 EDA 2017 |
| PITTSBURGH, P.A., VERIZON | : |
| COMMUNICATIONS INC. AND | : |
| VERIZON PENNSYLVANIA | : |
| | : |
| | : |
| APPEAL OF: VERIZON | : |
| PENNSYLVANIA LLC AND VERIZON | : |
| COMMUNICATIONS INC. | : |

Appeal from the Order Entered December 5, 2016
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  1440 September Term, 2014

| | |
|---|---|
| JOHN J. BIELEC | : IN THE SUPERIOR COURT OF |
| | : PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| AMERICAN INTERNATIONAL GROUP, | : |
| INC. NATIONAL UNION FIRE | : |
| INSURANCE COMPANY OF | : No. 418 EDA 2017 |
| PITTSBURGH, PA, VERIZON | : |
| COMMUNICATIONS, INC. AND | : |
| VERIZON PENNSYLVANIA, INC. | : |
| | : |
| | : |
| APPEAL OF: NATIONAL UNION FIRE | : |
| INSURANCE COMPANY | : |
| OF PITTSBURGH, PA | : |

Appeal from the Order Entered December 5, 2016

J-A23026-17 & J-A23027-17

In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  1440 September Term, 2014

BEFORE:   PANELLA, J., DUBOW, J., and FITZGERALD, J.[*]

MEMORANDUM BY DUBOW, J.:                **FILED DECEMBER 26, 2017**

In these consolidated appeals, Appellants, Verizon Pennsylvania LLC
and Verizon Communications, Inc., ("Verizon") and American International
Group, Inc. and National Union Fire Insurance Company of Pittsburgh, PA
("National") (collectively, "Appellants") appeal from the December 5, 2016
Orders entering summary judgment in favor of Appellee, John J. Bielec, in
this Declaratory Judgment action.  After careful review, we affirm.

The facts and procedural history are as follows.  Appellee was an
employee of Verizon.  On November 21, 2013, during the course of his
employment, Appellee was driving a vehicle owned by Verizon.  At a traffic
light, an automobile struck Appellee's vehicle.  The automobile was insured
only for the minimum bodily damage limits allowed under the law.  Appellee
alleged that he sustained serious injuries and damages in excess of these
minimum amounts, and consequently made an underinsured motorist
("UIM") claim to Verizon's insurer, National.  National denied the claim on
the grounds that, in 2013, Verizon had rejected UIM coverage, pursuant to

_____

[*] Former Justice specially assigned to the Superior Court.

Section 1731(c) of the Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.C.S. § 1731.

On September 9, 2014, Appellee commenced the instant Declaratory Judgment action against Verizon and National. On November 5, 2014, Verizon filed an Answer With New Matter to Appellee's Complaint. On November 11, 2014, National filed an Answer With New Matter and a counterclaim for a Declaratory Judgment. In its counterclaim, National sought a declaration that Verizon had validly rejected UIM coverage. On November 26, 2014, Appellee filed a Reply to New Matter and Counterclaim.

On January 15, 2016, Verizon, National, and Appellee filed Motions for Summary Judgment. The trial court scheduled a hearing on the Motions and ordered the parties to file supplemental Briefs addressing the public policy implications of the issues raised in the Motions.

Following the hearing, on December 5, 2016, the trial court denied Appellants' Motions for Summary Judgment, granted Appellee's Motion for Summary Judgment, and dismissed National's counterclaim. The court concluded that Verizon's UIM rejection was defective as a matter of law and that Appellee is entitled to UIM benefits under Verizon's policy with National. On December 29, 2016, and December 30, 2016, Verizon and National, respectively, filed Motions for Reconsideration and Motions to Stay Proceedings. The trial court denied the Motions on January 3, 2017.

On January 3, 2017, and January 4, 2017, National and Verizon each filed Notices of Appeal. The trial court did not order Appellants to file Pa.R.A.P. 1925(b) Statements.

National raises the following three issues on appeal, which we have reordered for ease of disposition:

1. Does [Appellee] have standing to challenge the validity of the rejection of [UIM] coverage made by his employer, the Named Insured on the insurance policy issued by [National]?

2. Is the rejection of UIM coverage in this case by [Verizon] void or invalid for failure to comply with 75 Pa.C.S. § 1731?

3. Does any Pennsylvania public policy relating to the [MVFRL] require that notice [ ] be given to an employee of an employer's decision to reject UIM coverage in order for such a rejection of UIM coverage be valid?

4. Does failure by a corporate insured to provide notice to its employee that UIM coverage is being rejected obligate the insurer to provide such coverage notwithstanding the rejection of UIM coverage.

National's Brief at 6.

Verizon raises the following two issues on appeal:

1. Is [Appellee] entitled to UIM benefits as a third-party beneficiary of Verizon's insurance policy because, even though Verizon signed a form that reproduced the MVFRL's required rejection language *verbatim* with a clear intention to waive coverage, Verizon signed only on the form's second page?

2. Is [Appellee] entitled to UIM benefits through Verizon's insurance policy because, on balance, the MVFRL's public policy goals require an employer to notify affected employees when it wishes to waive UIM coverage, regardless [of] whether they would have taken action in response to such notice?

- 4 -

Verizon's Brief at 5.

## Standing

In its first issue, National claims that Appellee, as a third-party beneficiary of Verizon's insurance policy, lacks standing to challenge the validity of Verizon's waiver of UIM coverage. National's Brief at 19-22.[1]

It is well-settled that a defendant waives a challenge to the issue of a plaintiff's standing to sue if he does not raise the challenge at the "earliest possible opportunity." ***Kuwait & Gulf Link Transport Co. v. Doe***, 92 A.3d 41, 45 (Pa. Super. 2014). Where an objection to standing is concerned, the "earliest possible opportunity" is defined as "in preliminary objections or in [a defendant's] answer to the complaint." ***Drake Mfg. Co., Inc. v. Polyflow, Inc.***, 109 A.3d 250, 257 (Pa. Super. 2015).

Our review of the pleadings indicates that National failed to challenge Appellee's capacity to bring this action for benefits under Verizon's policy before the trial court. In addition, in its Brief, National has not referred to the place in the record where it preserved this issue. ***See*** Pa.R.A.P. 2119(c), (e). Thus, we conclude that National has waived this issue.[2, 3]

---

[1] Verizon also makes this argument in its Brief, but presents it as an alternative argument in support of its overarching claim that the trial court erred in finding its UIM waiver invalid, and not as a separate Question Involved. ***See*** Verizon's Brief at 31-36.

[2] Verizon has likewise waived this issue for the reasons set forth, ***supra***.

**The UIM Waiver**

National's second issue and Verizon's first issue are interrelated; thus, we address them together. In these issues, Appellants essentially challenge the trial court's conclusion that Verizon's UIM coverage waiver was invalid under the MVFRL. National's Brief at 22-34; Verizon's Brief at 20-31.

We review orders granting summary judgment under a familiar standard.

> Summary judgment is proper only when the pleadings, depositions, answers to interrogatories, admissions and affidavits and other materials demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. The reviewing court must view the record in the light most favorable to the nonmoving party and resolve all doubts as to the existence of a genuine issue of material fact against the moving party. Only when the facts are so clear that reasonable minds could not differ can a trial court properly enter summary judgment.

*Wall Rose Mut. Ins. Co. v. Manross*, 939 A.2d 958, 962 (Pa. Super. 2007) (citations omitted).

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

[3] Even if National had not waived this issue, it would not merit relief as Appellee has standing to challenge the validity of Verizon's UIM coverage waiver in an effort to identify the benefits, if any, he is entitled to under Verizon's policy. Appellee would not have standing to bring a claim for UIM benefits where no such benefits existed. Here, the question is whether UIM coverage exists. *See Petty v. Federated Mut. Ins. Co.*, 152 A.3d 1020, 1026 n.3 (Pa. Super. 2016) (holding that a third party beneficiary does not have a claim for UIM benefits where an insured has properly rejected UIM coverage); *General Acc. Ins. Co. of America v. Parker*, 665 A.2d 502, 504 (Pa. Super. 1995) (explaining that the rights of a third party beneficiary are subject to the same limitations as those of a party to the contract).

When considering an order granting summary judgment in the context of a declaratory judgment action, our scope of review is plenary. ***Kvaerner Metals Division of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.***, 908 A.2d 888, 895 (Pa. 2006). We will reverse the Order of the trial court only if we find that an error of law or an abuse of discretion has occurred. ***Id***. "The test is not whether we would have reached the same result on the evidence presented, but whether the trial court's conclusion can reasonably be drawn from the evidence." ***Nationwide Mut. Ins. Co. v. Cummings***, 652 A.2d 1338, 1341 (Pa. Super. 1994).

The issues raised by Appellants challenge the trial court's conclusion that Verizon's UIM coverage waiver was invalid, which is a pure question of law. ***Orsag v. Farmers New Century Ins.***, 15 A.3d 896, 899 (Pa. 2011). Thus, "our standard of review is *de novo*, and our scope of review is plenary." ***Id.***

Our analysis begins with consideration of the relevant provision of the MVFRL. When construing a statute, we must, whenever possible, give each word meaning. ***Winslow–Quattlebaum v. Maryland Ins. Group***, 752 A.2d 878, 881 (Pa. 2000), quoting 1 Pa.C.S. § 1921(a).

Pursuant to the MVFRL, an insured who desires to waive UIM coverage must sign a rejection form. The form must state as follows:

- 7 -

**REJECTION OF UNDERINSURED MOTORIST PROTECTION**

By signing this waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage.

_____

Signature of First Named Insured

_____

Date

57 Pa.C.S. § 1731(c). The MVFRL further provides explicit instructions with respect to the execution of the waivers.

> **(c.1) Form of waiver.--**Insurers shall print the rejection forms required by subsections (b) and (c) on separate sheets in prominent type and location. The forms must be signed by the first named insured and dated to be valid. The signatures on the forms may be witnessed by an insurance agent or broker. **Any rejection form that does not specifically comply with this section is void.** If the insurer fails to produce a valid rejection form, uninsured or underinsured coverage, or both, as the case may be, under that policy shall be equal to the bodily injury liability limits. On policies in which either uninsured or underinsured coverage has been rejected, the policy renewals must contain notice in prominent type that the policy does not provide protection against damages caused by uninsured or underinsured motorists. Any person who executes a waiver under subsection (b) or (c) shall be precluded from claiming liability of any person based upon inadequate information.

75 Pa.C.S. § 1731(c.1) (emphasis added).

As noted above, the waiver of UIM coverage is effectuated by specific compliance with the mandates of Section 1731(c.1). Pennsylvania courts interpreting this statute have concluded that *de minimis* or hyper-technical defects in a UIM coverage waiver will not serve to defeat an otherwise valid rejection of UIM benefits. **See**, **e.g.**, **Ford v. Am. States Ins. Co.**, 154 A.3d 237, 245 (Pa. 2017) (holding that "when a UIM rejection form differs from the statutory form in an inconsequential manner, the form will be construed to specifically comply with Section 1731[.]"); **Petty v. Federated Mut. Ins. Co.**, 152 A.3d 1020 (Pa. Super. 2016) (affirming the trial court's finding that "the differences cited by [a]ppellants are hyper-technical and do not cause confusion or result in an uninformed waiver.").

However, as noted by this Court in **Jones v. Unitrin Auto & Home Ins. Co.**, 40 A.3d 125 (Pa. Super. 2012), Section 1731(c) "prescribes the proximal relationship between the required language and the required signature and date lines following the language." **Id.** at 131 (emphasis omitted). The proximity of the signature line to the text of the waiver is, thus, significant. In **Jones**, this Court concluded that the rejection of UIM benefits was invalid because the insurer's UIM rejection form "interpose[d] a sentence, not directly related to [the] rejection of UIM coverage, between the required language and the signature line." **Id.** Thus, the location of the execution line is not "*de minimis*" and the requirement of a signature thereon is not "hypertechnical."

- 9 -

Here, the form tracked verbatim the language of the statute. The UIM rejection paragraph at issue in Verizon's policy on page 1, entitled "Rejection of Underinsured Motorist Protection," included the required signature and date lines. Verizon UIM Waiver Form, dated 4/26/13. In addition, National had inserted a "tick-box" next to the rejection paragraph on page 1, a feature not required by statute. On the same page, the form had two additional sets of paragraphs, signature and date lines, and "tick-boxes," entitled "Selection of Limits" and "Underinsured Coverage Limits."

Although Verizon's authorized representative placed a mark in the "tick-box" next to the paragraph entitled "Rejection of Underinsured Motorist Protection," she did **not** sign or date on the lines immediately following the rejection paragraph as required by statute. Instead, on page 2 of the coverage form, she signed after the following untitled paragraph:

> I understand the protection afforded by Underinsured Motorist Coverage and the selection(s) I have made on this Notice regarding Underinsured Motorist Coverage. I further understand and agree that my selection(s) will apply to this policy and all future transfers, substitutions, amendments, alterations, modifications, reinstatements or replacements of this policy, and all future renewals of this policy, unless I make a written request to change my selection(s) and such request is received and approved by the Company.
>
> All other terms, conditions, and exclusions of the policy remain unchanged.
>
> _____          _____
> Effective Date          Authorized Signature of Named Insured

_____           _____

Date Signed                    Name and Title

Although Verizon's authorized representative signed and dated on each line immediately following the untitled paragraph indicating she had made "selection(s)," she failed to sign on the line immediately following as required by case law and statute to indicate explicit waiver of coverage. Such omission created an ambiguity. As a result, Verizon did not validly waive UIM coverage.

National argues that the UIM rejection form signed by Verizon specifically complied with the MVFRL because: (1) it contained the required statutory language; (2) Verizon, the named insured, signed the form; (3) any deviations from the prescribed statutory language were *de minimis*; (4) the text of the form did not modify coverage or inject ambiguity into the statutory form; and (5) the subjective intent of the contracting parties was clear. National's Brief at 22-34.

Verizon set forth variations on the same arguments: (1) that the language of the UIM form signed by Verizon matches *verbatim* the language of Section 1731(c); (2) that the court erred in concluding that the location of Verizon's representative's signature has legal significance; (3) that, in keeping with its longstanding practice, Verizon intended to waive UIM coverage; and (4) that there is no reason to invalidate the UIM rejection and impose strict liability on National where Verizon, and not National, failed to observe a statutory technicality. Verizon's Brief at 20-31.

We are not convinced by Appellants' bald assertion that Verizon's placement of an "X" in the "tick-box" next to the UIM coverage waiver paragraph on National's form, together with the signature on page 2 of the form, were sufficient to effectuate Verizon's waiver. Appellants have not supported this argument by citing to any authority. The mandatory form described in Section 1731(c.1) does not include a "tick-box" or any similar method for indicating an intent to waive coverage. Rather, the express terms of Section 1731(c) and (c.1) emphasize the importance of the proximal relationship between the waiver language and the insured's signature, indicating an explicit requirement that the insured must sign on the line directly below the waiver paragraph in order to effectuate a valid rejection of UIM coverage.

Accordingly, we agree with the trial court that by failing to sign on the line below the UIM waiver option paragraph, Verizon failed to select the waiver of UIM coverage as it purportedly intended.

Thus, the trial court did not err in granting summary judgment in favor of Appellee.[4]

Order affirmed. Jurisdiction relinquished.

Judge Panella joins the memorandum.

---

[4] In light of our disposition, we decline to address the public policy issues raised by the trial court's summary conclusion that "an employer who fails to notify its employee driver that UIM coverage has been rejected is acting against public policy." Trial Ct. Op. at 13.

Judge Fitzgerald files a dissenting statement.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: *12/26/2017*