J-E02001-21

2021 PA Super 192

| | | |
|---|---|---|
| ROBERT FRANKS AND KELLY A. FRANKS, H/W | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 2784 EDA 2019 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | : | |
| | : | |

Appeal from the Judgment Entered September 4, 2019
In the Court of Common Pleas of Bucks County Civil Division at No(s):
No. 2018-03954

BEFORE:  PANELLA, P.J., BENDER, P.J.E., BOWES, J., LAZARUS, J., OLSON, J., DUBOW, J., KUNSELMAN, J., MURRAY, J., and McCAFFERY, J.

DISSENTING OPINION BY McCAFFERY, J.:**FILED SEPTEMBER 24, 2021**

Because Section 1738(c) of the Motor Vehicle Financial Responsibility Law[1] (MVFRL) was enacted with the aim of consumer protection, I conclude the statute requires a new stacking waiver whenever the amount of UIM coverage **changes**, regardless of whether that change is an increase or decrease in the amount of stacked coverage as a result of the addition or removal of a vehicle.  Thus, I respectfully dissent.

When considering the application of a statute, we must bear in mind that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly."  1 Pa.C.S. §

---

[1] 75 Pa.C.S. §§ 1701-1799.7.

1921(a). Furthermore, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b).

It is well-settled that "the MVFRL should be construed liberally in favor of the insured." *Progressive Halcyon Ins. Co. v. Kennedy*, 908 A.2d 911, 916 (Pa. Super. 2006).

> One of the objects of the MVFRL to be effected by this liberal construction is affording the injured claimant the **greatest possible coverage**. We must remain mindful that in close or doubtful cases, we must interpret the intent of the legislature and the language of insurance policies to **favor coverage for the insured**.

*Jones v. Unitrin Auto & Home Ins. Co.*, 40 A.3d 125, 127 (Pa. Super. 2012) (citation omitted and emphases added). *See AAA Mid-Atl. Ins. Co. v. Ryan*, 84 A.3d 626, 633 (Pa. 2014) ("[T]he 'clearly expressed' public policy underlying the MVFRL is protecting 'those injured by a [negligent driver] who lacks adequate coverage[.]'").

As the Majority explains, the issue raised in this appeal is one of first impression, namely, "[w]hether the **removal of a vehicle** from an auto insurance policy providing non-stacked UIM coverage for three vehicles constitutes the **'purchase' of coverage** as contemplated by [S]ection 1738(c) of the MVFRL, such that the insured must be provided the opportunity to waive the stacked limits of coverage at the time of removal." Majority Op. at 4 (emphases added). Relevant herein, Section 1738 requires an insurer to provide its insured the opportunity to waive stacked UIM coverage in exchange

for a reduced premium.  75 Pa.C.S. § 1738(b)-(c).  Specifically, Subsection

1738(c) mandates that when a policy covers more than one vehicle:

> Each named insured **purchasing** uninsured or underinsured motorist coverage **for more than one vehicle** under a policy shall be provided the opportunity to waive the stacked limits of coverage and instead purchase coverage as described in subsection (b).  The premiums for an insured who exercises such waiver shall be reduced to reflect the different cost of such coverage.

75 Pa.C.S. § 1738(c) (emphases added).

The Majority thoroughly summarizes the current law regarding stacked

coverage.  It is clear the **addition** of a vehicle to an existing multi-vehicle

policy requires the insurer to provide the insured with a new stacking rejection

form.  **See** Majority Op. at 6-8, *citing* the **Sackett** Trilogy.[2]  Furthermore, this

Court has held that when a policy includes a non-finite after-acquired vehicle

clause, the **replacement** of one vehicle with another on an existing multi-

vehicle policy does **not** require a new stacking waiver.  **Shipp v. Phoenix**

**Ins. Co.**, 51 A.3d 219, 223-24 (Pa. Super. 2012).  The **Shipp** Court explained

that, although the insured added collision coverage for the replacement

vehicle, the UM/UIM coverage remained the same:

> **The matter of importance in all of these cases, as well as in section 1738, pertains only to the UM/UIM policy coverage, whether it has changed, and whether a new waiver of stacked coverage is required.**  At all times, both before and after the acquisition of the [the replacement vehicle], the UM/UIM coverage limits of the . . . policy remained at $200,000 stacked,

---

[2] **See Sackett v. Nationwide Mut. Ins. Co.**, 940 A.2d 329 (Pa. 2007); **Sackett v. Nationwide Mut. Ins. Co.**, 919 A.2d 194 (Pa. 2007); **Sackett v. Nationwide Mut. Ins. Co.**, 4 A.3d 637 (Pa. Super. 2010).

$100,000 unstacked. We find the addition of collision coverage to be irrelevant to the issue of stacking under section 1738.

. . . In the case of a replacement vehicle, there is no change whatsoever in the amount of UM/UIM coverage. The only change is in the identity of the covered vehicle. Indeed, both before and after the purchase of the [replacement vehicle], the UM/UIM coverage available to the [insureds] remained at all times $200,000 stacked, $100,000 unstacked. Since no new insurance coverage was purchased under such circumstances, [the insurer] would not need to re-obtain waiver of stacked coverage from the [insured].

*Id.* at 224 (emphasis added).

As noted **supra**, however, neither this Court nor the Supreme Court has considered whether the **removal** of a vehicle from a multi-vehicle policy requires a new stacking waiver. In concluding that it does not, the Majority finds guidance in the Pennsylvania Supreme Court's decision in **Barnard v. Travelers Home & Marine Ins. Co.**, 216 A.3d 1045 (Pa. 2019). In that case, the Court considered the following certified question of law, on remand from the Third Circuit Court of Appeals:

If an insured under a policy of insurance subject to the [MVFRL] has waived stacking but later secures an increase in the limit of her UIM coverage on her existing policy, must her insurance carrier obtain a separate waiver of her right to stack the coverage or does a prior waiver of the right to stack the coverage remain in effect?

*Id.* at 1049. In concluding the insurer must obtain a new stacking waiver when an insured increases UIM coverage in an existing policy, the Court relied upon the definition of the term "purchase" as it is used in Section 1738(c). *Id.* at 1051-52. The Court opined:

We emphasize that, in ordinary usage, the term "purchase" requires two things: (1) the acquisition of something; and (2)

payment. Paying an increased premium satisfies the second requirement, but, in order to satisfy the first, the insured must obtain something that she does not already possess. Specifically, in the context of Subsection 1738(c), an insured must obtain UIM coverage. An insured paying for an increased UIM coverage limit undoubtedly acquires more UIM coverage than she initially had.

*Id.* at 1053.

Relying on **Barnard**'s definition of "purchase" — obtaining something the insured did not already possess — the Majority reasons "it is clear that the deletion of a vehicle from a policy does not result in a 'purchase' as contemplated by [S]ection 1738(c)." Majority Op. at 10. In my view, the Majority's focus is too narrow. Further, this myopic interpretation undermines the stated purpose of the MVFRL which is to afford coverage to insureds.

In determining whether a new stacking waiver is required, what is critical is whether there is a **change** in the potential amount of stacked coverage. When a new vehicle was added in **Sackett**, the Supreme Court concluded a new waiver of the increased stacked coverage was required. **Sackett**, 919 A.2d at 202. Similarly, in **Barnard**, the Court held that a new waiver was required when the insured increased their UIM coverage on vehicles they already possessed, noting the insurer "was required to offer [the insured] the opportunity to waive stacking of the **new, aggregate amount** of UIM coverage at that time." **Barnard**, 216 A.3d at 1054 (emphasis added). Notably, however, in **Shipp**, this Court determined a new waiver was **not** required when the insured replaced one vehicle with another, despite the fact the insured added collision coverage on the replacement vehicle which increased the cost of the policy. **Shipp**, 51 A.3d at 224. The **Shipp** Court

explained, "[i]n the case of a replacement vehicle, there is no change whatsoever in the amount of UM/UIM coverage. The only change is in the identity of the covered vehicle." *Id.*

The Majority insists the language in *Shipp* requiring a new stacking waiver whenever there is a "change" in UIM coverage is inapplicable to the facts in the present case because the *Shipp* Court was not confronted with a **decrease** in UM/UIM coverage. *See* Majority Op. at 10-11. Again, I conclude the Majority's reading is too restricted. The *Shipp* Court could have narrowed its holding by stating a new stacking waiver is required only when an insured's coverage **increases**. It did not do so. Indeed, even under the Majority's definition, the Frankses acquired something they did not have before — coverage for **only** two vehicles.

In my opinion, Section 1738(c) requires a new stacking waiver whenever the stacked amount of UIM coverage changes — regardless of whether the change is an increase **or decrease** in the amount of stacked coverage. This interpretation complies with our stated policy of construing the statute "liberally in favor of the insured"[3] so as to "afford[ ] the injured claimant the greatest possible coverage." *See Jones*, 40 A.3d at 127. Thus, I would conclude the Frankses were entitled to stacked UIM coverage in the amount of $200,000, and I would reverse the declaratory judgment entered in favor of State Farm.

---

[3] *Progressive Halcyon*, 908 A.2d at 916.

Accordingly, I respectfully dissent.

President Judge Panella and Judge Kunselman join this Dissenting Opinion.