ALLSTATE INSURANCE COMPANY, Appellant,

v.

Mary S. SEELYE and Gary C. Seelye, Her Husband, Individually, and as Parents and Natural Guardians of Nathan J. Seelye, A Minor, Appellees.

Superior Court of Pennsylvania.

Argued Jan. 14, 2004.

Filed April 6, 2004.

---

David J. Obermeier, Pittsburgh, for appellant.

John M. Purcell, Pittsburgh, for appellees.

Before: HUDOCK, LALLY-GREEN and BOWES, JJ.

OPINION BY BOWES, J.:

¶ 1 This is an appeal by Allstate Insurance Company ("the insurer") from a trial court's determination that the insureds' waiver of stacking for uninsured motorist coverage was invalid. We reverse, remand, and direct entry of declaratory judgment in favor of the insurer.

¶ 2 On August 15, 2002, the insurer instituted this declaratory judgment action against Mary S. Seelye and Gary C. Seelye, individually and as guardians of their son, Nathan J. Seelye (collectively, "the insureds"). The insureds maintained an automobile insurance policy covering three vehicles with the insurer pursuant to the Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.C.S. §§ 1701, *et seq.* On September 8, 1990, Gary Seelye, as the named insured under the policy, executed a form entitled "Rejection of Stacked Uninsured Coverage Limits," pursuant to section 1738 of the MVFRL. A copy of the rejection is attached to the complaint, and it reads as follows:

## REJECTION OF STACKED UNINSURED COVERAGE LIMITS

By signing this waiver, I am rejecting stacked limits of uninsured motorist coverage under this policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I understand that my premiums will be reduced if I reject this coverage.

/s/Gary C. Seelye

Signature of First Named Insured

September 8, 1990

Date

Exhibit C, Complaint, 8/15/02, at 1. This form was approved by the Insurance Department for use by Pennsylvania insurers under 75 Pa.C.S. § 1738.

¶ 3 Since Mr. Seelye had rejected stacked uninsured coverage, the insureds paid reduced premiums for their insurance policy from 1990 through 1997. On April 18, 1997, Mary Seelye and Nathan Seelye were involved in a motor vehicle accident and sustained physical injuries. The tortfeasor was uninsured at the time of the accident. The insureds made a claim for uninsured motorist benefits from the insurer. The insurer paid $50,000, which was the uninsured policy limits under the policy, to Mary Seelye, and also paid $50,000 to Nathan Seelye. The insurer refused to pay stacked uninsured motorist benefits based on the two other vehicles insured under the policy. Both injured insureds demanded an additional $100,000 each in coverage despite the named insured's rejection of stacked uninsured motorist coverage.

¶ 4 The insureds contended that Mr. Seelye's rejection of stacked coverage was

invalid. Specifically, 75 Pa.C.S. § 1738 provides that a named insured may reject stacked uninsured coverage for vehicles insured under a policy by signing the following form:

**UNINSURED COVERAGE LIMITS**

By signing this waiver, I am rejecting stacked limits of uninsured motorist coverage under this policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I understand that my premiums will be reduced if I reject this coverage.

---

Signature of First Named Insured

---

Date

¶ 5 The form used by the insurer and approved by the Insurance Department is identical to this statutory language with the exception of the inclusion of three additional words in the title. The form used by the insurer adds "REJECTION OF STACKED" before the words "UNINSURED MOTORIST COVERAGE" to more clearly explain to the insured the consequences of affixing his signature.

¶ 6 The parties filed cross-motions for summary judgment. The trial court agreed with the insureds that the form was invalid under 75 Pa.C.S. § 1738 because it contained three additional words and granted summary judgment in their favor. This appeal by the insurer followed.

¶ 7 We begin our discussion by expressly noting that the form used by the insurer is identical in all respects to the wording of the statute. It merely adds three words, and those three words actually make clearer that the named insured is rejecting stacked benefits by executing the form.

¶ 8 In *Winslow–Quattlebaum v. Maryland Casualty Group*, 561 Pa. 629, 752 A.2d 878 (2000), our Supreme Court addressed a similar situation. At issue was the validity of a form wherein the insured rejected underinsured motorist benefits on the same page that she rejected uninsured motorist benefits. Section 1731(c.1) of title 75 provides that the rejection forms for uninsured and underinsured rejection must be "on separate sheets in prominent type and location." This Court had concluded that since each rejection was not on a separate page, the rejection was not valid.

¶ 9 The Supreme Court reversed and ruled that the rejections were clear, although together on a separate page. It concluded that nothing in the statutory language required that each form be on a separate sheet and that it was not a violation of the statute for the rejections forms to appear together on a "separate sheet."

¶ 10 Similarly, in this case, the rejection form at issue includes each and every word required by 75 Pa.C.S. § 1738, and there is nothing in the statute that prohibits the form from containing three additional words that further clarify the meaning of the form.

¶ 11 In *Winslow–Quattlebaum,* the Court also observed that courts are required to afford deference to the interpretation of legislation disseminated by the administrative agency overseeing implementation of the legislation. The Insurance Department is the administrative agency charged with implementation of the MVFRL under 75 Pa.C.S. § 1704(b),[1] and it had promulgated the form used by the

---

1. That section provides: "Insurance matters.—The Insurance Department shall administer and enforce those provisions of this chapter as to matters under its jurisdiction as

insurer in *Winslow–Quattlebaum.* The Supreme Court stated that since the Insurance Department's interpretation of the language of the MVFRL was not fraudulent, in bad faith, clearly arbitrary, or an abuse of discretion, it should have been accepted as valid.

¶ 12 In the present case, the form used by the insurer was an exact replica of the form mandated by the Insurance Department. Since its inclusion of "Rejection of Stacked" before "Uninsured Coverage Limits" actually clarified the form, we cannot perceive how the Insurance Department's interpretation of 75 Pa.C.S. § 1738 can be termed fraudulent, in bad faith, clearly arbitrary, or an abuse of discretion. Hence, the trial court erred in rejecting Allstate's interpretation of the statute as allowing for the inclusion of that language.

¶ 13 Order reversed. Case remanded for entry of declaratory judgment in favor of Allstate Insurance Company. Jurisdiction relinquished.

determined by this chapter or other statute and may make rules and regulations necessary for the administration and enforcement of those provisions."