AMERICAN INTERNATIONAL
INSURANCE COMPANY,
Appellant

v.

Thomas J. VAXMONSKY and Lorraine
J. Vaxmonsky, Appellee.

Superior Court of Pennsylvania.

Argued May 24, 2006.

Filed Dec. 21, 2006.

Patrick J. Murphy, Scranton, for appellant.

Brian J. Walsh, Kingston, for appellee.

BEFORE: FORD ELLIOTT, P.J., STEVENS and KELLY, JJ.

OPINION BY KELLY, J.:

¶ 1 Appellant, American International Insurance Company, appeals from the order entered in the Luzerne County Court of Common Pleas granting a motion for judgment on the pleadings in favor of Appellees, Thomas J. and Lorraine J. Vaxmonsky.[1] The question before the Court is whether Appellant's removal of the word "all" from the phrase "all losses and damages" in an Underinsured Motorist Protection rejection form (UIM form) affects the validity of the rejection despite the insured's signature. We hold that because omission of the word "all" from the UIM form does not specifically comply with Sections 1731(c) and (c.1) of the Motor Vehicle

---

1. Lorraine sued for loss of consortium. Because the instant dispute centers primarily

around Thomas' claims, we refer only to Thomas as Appellee.

Code, rejection of UIM coverage is not effectuated by the insured's signature. Accordingly, we affirm.

¶ 2 In 1993, when Appellant first issued to Appellee the instant policy pursuant to the Motor Vehicle Financial Responsibility Law (MVFRL),[2] Appellee signed the following clause purporting to reject UIM protection:

**Rejection of Underinsured Motorist Protection**

A. By signing this waiver, I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for losses and damages. I knowingly and voluntarily reject this coverage.

*/s/Thomas J. Vaxmonsky*

Signature of First Named Insured

*11–8–93*

Date

(R.R. at 12a). Upon signing this policy and through subsequent renewals, Appellee did not pay premiums for UIM coverage. This policy was in effect on April 19, 2001, when Appellee was injured in an automobile accident. Appellant denied Appellee's UIM claim, citing Appellant's signature on the rejection form as justification.

¶ 3 The parties agreed on these facts, but disagreed as to the validity of the UIM form. As the case proceeded to arbitra-

tion, Appellant filed an action for declaratory judgment while Appellee moved for judgment on the pleadings. Nonetheless, the arbitration panel rendered an award of $225,000 in Appellee's favor. The trial court subsequently found the UIM form to be null and void because it did not match the language of Section 1731(c) precisely, thus entitling Appellee to $400,000 in UIM coverage.[3] This timely appeal followed.

¶ 4 Appellant's primary contention is that the omission of a single word from a UIM rejection form does not invalidate the rejection if the insured knowingly waived his right to coverage.[4] Appellant asserts that the clause in Section 1731(c.1) of the MVFRL which voids certain UIM rejection forms applies only to clauses that violate the requirements of Section 1731(c.1), not Section 1731(c). As support for its position, Appellant argues that Appellee has never claimed to have waived UIM coverage unknowingly. It contends that because Appellee never paid for UIM coverage and knowingly and intentionally elected to forego that coverage, as a matter of policy he should not be permitted to collect under it. We disagree.

¶ 5 Our standard of review of the grant of a motion for judgment on the pleadings is well settled. "A motion for judgment on the pleadings will be granted where, on the facts averred, the law says with certainty that no recovery is possible. As this appeal presents an issue of law, our review is plenary." *Metcalf v. Pesock,* 885 A.2d 539, 540 (Pa.Super.2005) (quoting *American Appliance v. E.W. Real Estate*

---

2. 75 Pa.C.S.A. §§ 1701–1799.

3. The trial court originally found that Appellant failed to respond to Appellee's Motion for Judgment on the Pleadings. After Appellant notified the court that it had filed a timely response, the court acknowledged possession of Appellant's timely response, but noted that

the response was not included in the original file. After reviewing the response, the court refused to vacate the original order.

4. Appellant also challenges the arbitration award and seeks costs and fees, relying on resolution of the first issue in its favor to support its claims on these remaining issues.

*Mgmt.,* 564 Pa. 473, 769 A.2d 444, 446 (2001)).

¶ 6 "[T]he rules of statutory construction require that 'whenever possible each word in a statutory provision is to be given meaning and not to be treated as surplusage.'" *Winslow–Quattlebaum v. Maryland Ins. Group,* 561 Pa. 629, 752 A.2d 878, 881 (2000) (quoting 1 Pa.C.S.A. § 1921(a)).

> It is well-settled that when the courts of this Commonwealth are faced with interpreting statutory language, they afford great deference to the interpretation rendered by the administrative agency overseeing the implementation of such legislation. Thus, our courts will not disturb administrative discretion in interpreting legislation within an agency's own sphere of expertise absent fraud, bad faith, abuse of discretion or clearly arbitrary action. The Insurance Department is specifically delegated administration and enforcement of insurance matters, including the MVFRL.

*Id.* (citations omitted).

¶ 7 The MVFRL provides:

> **(c) Underinsured motorist coverage.—**
>
> * * *
>
> The named insured shall be informed that he may reject underinsured motorist coverage by signing the following written rejection form:
>
> REJECTION OF UNDERINSURED MOTORIST PROTECTION
>
> By signing this waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for **all** losses and damages. I knowingly and voluntarily reject this coverage.
>
> .......................
>
> Signature of First Named Insured
>
> .......................
>
> Date
>
> **(c.1) Form of waiver.—**Insurers shall print the rejection forms required by subsections (b) and (c) on separate sheets in prominent type and location. The forms must be signed by the first named insured and dated to be valid. The signatures on the forms may be witnessed by an insurance agent or broker. Any rejection form that does not specifically comply with this section is void....

75 Pa.C.S.A. § 1731(c), (c.1) (emphasis added).

¶ 8 Instantly, there is no dispute that Appellee signed a UIM rejection form that omitted "all" from Section 1731(c)'s phrase "all losses and damages." However, Appellant contends that the specific compliance referred to in Section 1731(c.1) requires only that a rejection form be properly signed and dated by the first-named insured. In other words, Appellant contends that the 1731(c) form is irrelevant to 1731(c.1)'s requirement of specific compliance. This argument is without merit. Section 1731(c.1) clearly states that "[i]nsurers shall print the rejection forms required by subsections (b) and (c)." 75 Pa.C.S.A. § 1731(c.1). Therefore, we must determine to what extent insurers must comply with 1731(c.1)'s mandate in printing the 1731(c) form.

¶ 9 Initially, we reject as determinative Appellant's reliance on cases interpreting Section 1738(e)'s requirements for declining stacking coverage. *See generally Vosk v. Encompass Ins. Co.,* 851 A.2d 162 (Pa.Super.2004) (examining insurance policy's compliance with Section 1738), *appeal*

*denied,* 581 Pa. 708, 867 A.2d 524 (Pa. 2005); *Allstate Ins. Co. v. Seelye,* 846 A.2d 1286 (Pa.Super.2004) (same), *appeal denied,* 581 Pa. 695, 864 A.2d 1202 (Pa.2004). Section 1738(e) states, "Any rejection form that does not comply with this section is void." 75 Pa.C.S.A. § 1738(e). However, as our Court *en banc* has noted, Section 1731(c.1) dictates the particular language that parties must use to reduce uninsured or underinsured motorist coverage limits validly. *See Hartford Ins. v. O'Mara,* 907 A.2d 589, 603 (Pa.Super.2006) (citing 75 Pa.C.S.A. § 1731(b), (c), (c.1)). In fact, our Court has emphasized that valid rejections of UIM coverage must use the specific form in Section 1731(c), while other forms do not expressly mandate specific compliance with the statute. *See Blood v. Old Guard Ins. Co.,* 894 A.2d 795, 797 (Pa.Super.2006) *(en banc)* (comparing UIM rejection, which requires specific form, to UIM reduction, which does not require specific form). This requirement is based on the language of Section 1731(c.1), which provides that "[a]ny rejection form that does not **specifically comply** with this section is void;" the language of Section 1738(e) omits the word "specifically." *Compare* 75 Pa.C.S.A. § 1731(c.1) (emphasis added), *with* 75 Pa.C.S.A. § 1738(e). Giving meaning to each word of the relevant sections, we find that Section 1731(c.1) requires more exacting scrutiny of the relevant forms than does Section 1738(e). *See* 1 Pa.C.S.A. § 1921(a).

¶ 10 Therefore, the question becomes what effect, if any, the omission of "all" has on the validity of the signed rejection form. While, as already noted, we are not bound by the Section 1738(e) cases cited by Appellant, they are nonetheless instructive in the interpretation of 1731(c.1). Under the less exacting "does not comply" standard of Section 1738(e), this Court held only that "a minor, clarifying deviation in the form's title" would not render a 1738 form void. *See Vosk, supra* at 168; *see also Seelye, supra* at 1289 (finding that adding words to title of 1738 form "actually clarified the form" and did not render insured's rejection of stacked coverage void). Instantly, Appellant did not add clarifying words, but instead made the form more ambiguous, however slightly, by restricting the scope of coverage from "**all** underinsured losses and damages" to simply "underinsured losses and damages." In fact, the MVFRL specifically expands the scope of UIM coverage to all losses and damages; thus, Appellant has limited coverage by deleting "all," and therefore imposed ambiguity where none existed. Furthermore, by deleting this expansionary and clarifying word, Appellant has also failed to include all of the required statutory language. *See Vosk, supra* (observing that all words contained in Section 1738(d) actually appeared in challenged rejection form); *see also Seelye, supra.* Therefore, we cannot find that Appellant **specifically** complied with Section 1738(c.1).[5]

¶ 11 Although neither party has raised this issue, we are also guided by the Pennsylvania Insurance Department's official publications regarding UIM forms. When interpreting statutory language, we are to "afford great deference to the interpretation rendered by the administrative agency overseeing the implementation of such legislation." *Winslow–Quattlebaum, supra* at 881. In *Winslow–Quattlebaum,* our Su-

---

**5.** Although our holding relies in part on analyses used in Section 1738(e) cases, we decline to expand their holdings to Section 1731 forms. Thus, we offer no opinion as to whether the addition of clarifying language to a 1731(b) or (c) form would be considered in specific compliance with Section 1731(c.1), nor do we suggest that the deletion of a word or words from a 1738(d) form does not comply with Section 1738(e).

preme Court observed that "[31 Pa.Code] § 68.103 mandates the use of 'statutory language' and directs the reader to the required form in 'Appendix A.' 31 Pa.Code § 68.103(a)." *Id.* at 882.

¶ 12 Chapter 68 and Appendix A, to which the Supreme Court refers, were in effect in 1993 when Appellant signed and dated the UIM form. *See* 31 Pa.Code Ch. 68, Appendix A (1993).[6] Code Section 68.103(a) provided: "The use of the **statutory language** for these notices is **required.** Copies of these notices are included in Appendix A." 31 Pa.Code § 68.103(a) (1993) (emphases added). Appendix A accordingly included the UIM form exactly as proscribed in Section 1731(c), that is, **with** the phrase **"all** losses and damages." *Compare* 31 Pa.Code Ch. 68, Appendix A (1993) (emphasis added), *with* 75 Pa.C.S.A. § 1731(c). *See also* Pa. B.2175 (announcing promulgation of and inviting comments for Chapter 68, Title 31). There is obviously no "fraud, bad faith, abuse of power, or clearly arbitrary action" which would constitute abuse of discretion by the Insurance Department in promulgating this regulation. *See Winslow–Quattlebaum, supra* at 881–82. Thus, Appellant cannot even claim to have relied on the Insurance Department's interpretation of the statutory requirements.[7] Accordingly, we find no basis upon which to find the trial court's interpretation of Section 1731(c.1) incorrect.[8]

¶ 13 We are mindful of the fact that Appellee has not averred any unawareness of his waiver of UIM coverage for all losses and damages, and that he could not make such a claim. The applicable renewal form clearly states toward the bottom of the first two pages, in larger font and capital letters, "NO UNDERINSURED MOTORIST BODILY INJURY COVERAGE IS PROVIDED BY THIS POLICY." (Action for Declaratory Judgment, Exhibit A). We also note that Appellee has consistently been billed for and paid the lower premium resulting from rejection of UIM coverage. *See Winslow–Quattlebaum, su-*

---

**6.** Chapter 68, Title 31, of the Pennsylvania Code has since been reserved. *See* 31 Pa. Code §§ 68.101–68.113 (2006), *reserved,* July 30, 1999, 29 Pa.B. 4076. However, Chapter 68 was in effect when Appellee signed and dated the proposed UIM form in 1993.

**7.** Furthermore, the Insurance Department explained the deletion of Chapter 68 as follows: The original intent of the statements of policy was to notify the insurance industry of the Department's position regarding changes to 75 Pa.C.S. Chapter 17 (relating to the Motor Vehicle Financial Responsibility Law) (act). Both the passage of time and examination of market practices have led to the adoption of the statements of policy as standard industry practice, thereby making the statements of policy obsolete. Additionally, significant portions of the statements of policy are now moot as they related to rate and form filings to be made with the Department by 1990.

　　　*　　*　　*

Chapter 68, Subchapter B is being deleted because these provisions are redundant and unnecessary as they are sufficiently addressed within the act. . . .
29 Pa.B. 4076. Therefore, upon reserving the relevant portions of Chapter 68, the Insurance Department notes that all pertinent information is contained within the MVFRL. *See id.*

**8.** We observe that in *Winslow–Quattlebaum,* the UIM form at issue also omitted the word "all." *See id.* at 879. However, the sole issue before our Supreme Court was "whether an insured's rejection of underinsured motorist benefits must appear alone on a page in the insurance application to be valid pursuant to 75 Pa.C.S. § 1731(c.1)." *Id.* Therefore, our Supreme Court has not held that a UIM form which omits the word "all" specifically complies with Section 1731(c.1).

*pra* at 882 n. 8. Nonetheless, the statute is clear in stating, "Any rejection form that does not specifically comply with this section is void." 75 Pa.C.S.A. § 1731(c.1). Section 1731(c.1) provides a clear remedy for forms that do not specifically comply with the statute; therefore, we cannot create our own remedy, despite what equity may dictate. *See Lewis v. Erie Ins. Exch.,* 753 A.2d 839, 851 (Pa.Super.2000), *aff'd,* 568 Pa. 105, 793 A.2d 143 (2002). Accordingly, the instant form is void.

¶ 14 We affirm the order finding Appellant's UIM form to be null and void. Because Appellant's remaining issues depend upon a finding in its favor on the first claim, we have no need to address them.

¶ 15 Order affirmed.