J-S77038-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SOKHAM NUON, SOCHEATA NUON, AND PHOROM ROS, | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : | |
| v. | : : | |
| BRISTOL WEST INSURANCE GROUP, | : : | |
| Appellee | : | No. 1867 EDA 2014 |

Appeal from the Order Entered June 3, 2014,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s): 131101647

BEFORE:  STABILE, JENKINS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED FEBRUARY 05, 2015**

Sokham Nuon, Socheata Nuon, and Phorom Ros (collectively Appellants) appeal from an order that granted the motion for summary judgment filed by Bristol West Insurance Group (Bristol West).  We affirm.

The background underlying this matter can be summarized as follows. Appellants were involved in a motor vehicle accident with Vene Rodriguez, which was caused by Rodriguez's negligence.  Sokham Nuon was the owner and operator of the vehicle occupied by Appellants.  Sokham Nuon has an automobile insurance policy with Bristol West.

Rodriguez's insurance did not cover all of the damages suffered by Appellants.   Appellants, therefore, sought underinsured motorist (UIM) coverage from Sokham Nuon's automobile insurance policy with Bristol

_____

* Retired Senior Judge assigned to the Superior Court.

West. Bristol West refused to provide such coverage on the basis that Sokham Nuon had waived such coverage.

Appellants filed a complaint against Bristol West wherein they claimed that Sokham Nuon's policy included UIM coverage and that they were entitled to it.

Bristol West eventually filed a motion for summary judgment. It claimed that Sokham Nuon's policy does not offer UIM coverage because, "[a]t the time this policy was purchased, Sokham Nuon rejected [UIM] Benefits and signed the applicable waivers stating that he is rejecting [UIM] Benefits for himself and all household residents." Memorandum of Law in Support of Motion for Summary Judgment, 5/1/2014, at unnumbered page 2.

In response to this motion, Appellants claimed that the UIM coverage rejection form signed by Sokham Nuon is invalid. In support of this claim, Appellants pointed out that, pursuant to 75 Pa.C.S. § 1731(c), a UIM coverage rejection form must state:

REJECTION OF UNDERINSURED MOTORIST PROTECTION

By signing this waiver I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage.

75 Pa.C.S.A. § 1731(c). The title line of the UIM coverage rejection form signed by Sokham Nuon used the word "MOTORISTS" instead of "MOTORIST." Relying on 75 Pa.C.S. § 1731(c.1) and this Court's opinion in *American Intern. Ins. Co. v. Vaxmonsky*, 916 A.2d 1106 (Pa. Super. 2006), Appellants argued that this flaw in the rejection form rendered the form void because it does not "specifically comply" with 75 Pa.C.S. § 1731(c). *See* 75 Pa.C.S. § 1731(c.1) ("Any rejection form that does not specifically comply with this section is void. ").

The trial court granted the motion for summary judgment. In support of its decision, the court offered the following.

> [Appellants] contend[] that the waiver is invalid because the waiver title is "Rejection of Underinsured Motorists Protection" rather than "Rejection of Underinsured Motorist Protection". The [c]ourt recognizes that under Pennsylvania Law "any rejection form that does not specifically comply with this section is void." However, [Appellants have] failed to demonstrate how the use of "Motorists" versus "Motorist" in the title of the waiver in any way impacted [Sokham Nuon's] decision to sign the waiver.

Trial Court Opinion, 6/13/2014, at unnumbered page 2 (footnote omitted).

Appellants timely filed a notice of appeal. The trial court did not direct Appellants to comply with Pa.R.A.P. 1925(b). In their brief to this Court, Appellants ask us to consider one question, namely, "Whether the trial court abused its discretion and otherwise committed an error of law when it improperly granted [Bristol West's] motion for summary judgment when [Sokham Nuon's] rejection of … UIM[] coverage is in violation of 75 Pa.C.S.

- 3 -

§ 1731?" Appellants' Brief at 5 (unnecessary capitalization omitted). In support of this issue, Appellants renew the argument that they made in response to the motion for summary judgment.

> The standards which govern summary judgment are well settled. When a party seeks summary judgment, a court shall enter judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery. A motion for summary judgment is based on an evidentiary record that entitles the moving party to a judgment as a matter of law. In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the court may grant summary judgment only when the right to such a judgment is clear and free from doubt. An appellate court may reverse the granting of a motion for summary judgment if there has been an error of law or an abuse of discretion.…

*Swords v. Harleysville Ins. Companies*, 883 A.2d 562, 566-67 (Pa. 2005) (citations omitted).

In *Vaxmonsky*, the body of the rejection form excluded the word "all" from the phrase "all losses and damages." This Court explained that the exclusion of "all" made the rejection form ambiguous by restricting the scope of coverage. The Court also noted that the form failed to include all of the required statutory language. For these reasons, this Court concluded that the rejection form was void because it did not specifically comply with section 1731.

The flaw in the rejection form at issue in this case does not present any of the problems presented by the form in *Vaxmonsky*. The form in this

case tracks the statutory language contained in subsection 1731(c), except for the extraordinarily minor typo discussed above. Because this typo has no impact on the otherwise perfectly-drafted form, we conclude that the rejection form specifically complies with the requirements of section 1731. Thus, Sokham Nuon's rejection of UIM coverage is valid. Consequently, Appellants are not entitled to UIM coverage, and the trial court properly granted Bristol West's motion for summary judgment.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/2015