**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3623
_____

FATAI KING,
                    Appellant

v.

U.S. XPRESS, INC. AND MOUNTAIN LAKE RISK RETENTION GROUP, INC.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 2-15-cv-02270)
District Judge: Hon. Paul S. Diamond
_____

Submitted under Third Circuit L.A.R. 34.1(a)
July 9, 2018
_____

Before: SHWARTZ, NYGAARD, and RENDELL, <u>Circuit Judges</u>.
(Filed: July 11, 2018)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

SHWARTZ, Circuit Judge.

Fatai King was involved in an accident while driving a truck for his employer, and he sought to collect uninsured motorist benefits[1] from his employer's commercial automobile insurer. Because his employer waived uninsured motorist protection under the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa. Cons. Stat. Ann. § 1701 et seq., and the waiver complies with the MVFRL, the District Court correctly enforced the waiver, and we will affirm.

I

King was driving a truck owned by his employer, Defendant U.S. Xpress, Inc. ("USX"), and insured by Defendant Mountain Lake Risk Retention Group, Inc., ("Mountain Lake"), when he was hit by an unidentified vehicle that left the scene. King sustained injuries and filed a claim seeking uninsured motorist benefits from Mountain Lake. Mountain Lake denied the claim because the commercial automobile policy it issued to USX included USX's signed rejection of uninsured motorist protection ("the waiver"). King filed a lawsuit asserting breach of contract and bad faith under 42 Pa. Cons. Stat. § 8371 and alleging that USX's wavier was invalid and unenforceable because it did not comply with MVFRL § 1731. The parties stipulated to dismissal of the

---

[1] Uninsured motorist coverage "provides protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of uninsured motor vehicles." 75 Pa. Cons. Stat. Ann. § 1731(b).

bad faith claim, and the District Court granted summary judgment to USX and Mountain Lake on the remaining breach of contract claim.  King appeals.

## II[2]

"We exercise plenary review over a district court's grant of summary judgment." Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 218 (3d Cir. 2015).  We apply the same standard as the District Court, viewing facts and making all reasonable inferences in the non-movant's favor.  Hugh v. Butler Cty. Family YMCA, 418 F.3d 265, 266-67 (3d Cir. 2005).  Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

## III

King argues that the District Court's order granting summary judgment to USX and Mountain Lake must be reversed because the waiver of uninsured motorist coverage that USX signed did not comply with the requirements of MVFRL § 1731.  We disagree.

Section 1731 provides that insurers must offer uninsured and underinsured motorist coverage, but the purchase of such coverage is "optional."  75 Pa. Cons. Stat. Ann. § 1731(a).  To validly waive uninsured or underinsured motorist benefits, a written waiver must "specifically comply" with the statutorily-provided forms for rejecting

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1332.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

uninsured or underinsured motorist protection.[3] Id. § 1731(c.1). "Any rejection form that does not specifically comply with [the forms in § 1731] is void. If the insurer fails to produce a valid rejection form, uninsured or underinsured coverage, or both, as the case may be, under that policy shall be equal to the bodily injury liability limits." Id. A verbatim reproduction of the language, however, is not required, except for rental or leased vehicles. For those vehicles, the rejection language "may only be changed grammatically to reflect a difference in tense in the rental agreement or lease agreement." Id. § 1731(b.2). Thus, outside the rental and leased vehicle contexts, an insurer's uninsured motorist form may "specifically comply" with § 1731 if the form "differs from the statutory form in an inconsequential manner" or "contains de minimis deviations from

---

[3] Section 1731(b) includes a form the named insured must sign to reject uninsured motorist protection. The form provides:

REJECTION OF UNINSURED MOTORIST PROTECTION

By signing this waiver I am rejecting uninsured motorist coverage under this policy, for myself and all relatives residing in my household. Uninsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have any insurance to pay for losses and damages. I knowingly and voluntarily reject this coverage.

_____
Signature of First Named Insured

_____
Date

75 Pa. Cons. Stat. Ann. § 1731(b). A similar form is provided for rejecting underinsured motorist protection. Id. § 1731(c).

the statutory rejection form." Ford v. Am. States Ins. Co., 154 A.3d 237, 245-46 (Pa. 2017).

Here, USX's signed waiver included the required statutory language and additional language, underlined below:

> By signing this waiver I am rejecting uninsured motorist coverage under this policy for myself and all relatives residing in my household <u>and all persons driving or working under the authority of any named insured or riding as a passenger in an insured vehicle</u>. Uninsured coverage protects me and relatives residing in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have any insurance to pay for losses and damages. I knowingly and voluntarily reject this coverage <u>for all insured drivers, and I act on full authority of all insureds under this commercial auto policy</u>.

App. 75. The additional language adapts the statutory form's language to the commercial, rather than individual, setting[4] but does not change or limit the scope of coverage, create ambiguity, or contravene the contracting parties' understanding of the intended coverage. Compare Ford, 154 A.3d at 240, 246 (holding that an underinsured motorist waiver form that includes all of the statutory language in the § 1731(c) form, with the addition of an "s" to "motorist" and the word "motorists" between "underinsured" and "coverage" were de minimis modifications), with Jones v. Unitrin Auto & Home Ins. Co., 40 A.3d 125, 128-30 (Pa. Super. Ct. 2015) (holding that the addition of the sentence "By rejecting this coverage, I am also signing the waiver on P. 13 rejecting stacked limits of underinsured motorist coverage" to an underinsured

---

[4] In Travelers Indemnity Company of Illinois v. DiBartolo, 171 F.3d 168, 169, 170 n.4, 172 (3d Cir. 1999), we held that a corporation can waive uninsured motorist coverage for its employees just as an individual can and enforced such a waiver that used only the statutorily-required language in § 1731.

5

motorist waiver rendered it void and unenforceable because the waiver "interpose[d] a sentence, not directly related to rejection of [underinsured motorist coverage] and therefore did not "specifically comply" with § 1731), and Am. Int'l Ins. Co. v. Vaxmonsky, 916 A.2d 1106, 1109 (Pa. Super. Ct. 2006) (concluding that an underinsured motorist protection rejection form that omitted "all" from the phrase "all losses and damages" required under § 1731(c) was invalid because the omission "made the form more ambiguous . . . by restricting the scope of coverage" even though the MVFRL "expands the scope of [underinsured motorist] coverage to all losses and damages). Indeed, the language fulfills the MVFRL's goal of establishing that the insured knows the coverage it is waiving. Ford, 154 A.3d at 245.

While the additional language tailors the waiver to the commercial setting and might be viewed as "consequential," we cannot imagine that the Pennsylvania courts would strike down what appears to be a necessary clarification. Indeed, in the commercial setting, a waiver that refers only to households would be confusing and could potentially be misunderstood. Accordingly, the District Court properly granted summary judgment to USX and Mountain Lake on King's breach of contract claim.

IV

For the foregoing reasons, we will affirm.