J-S39016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006 BC4 | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SABRINA THIGPEN AND JULIUS THIGPEN | |
| Appellants | No. 1676 EDA 2018 |

Appeal from the Order dated April 25, 2018
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 130201613

BEFORE:  GANTMAN, P.J.E., STABILE, J. and STEVENS, P.J.E.*

MEMORANDUM BY STABILE, J.:          **FILED DECEMBER 11, 2019**

Appellants, Sabrina Thigpen and Julius Thigpen, appeal from an order denying their petition to strike the judgment entered against them in this mortgage foreclosure action.  We affirm.

On September 13, 2006, Appellants borrowed $226,100.00 from BNC Mortgage, Inc. and executed a note and mortgage encumbering their property at 5141 Spruce Street in Philadelphia, Pennsylvania (the "Property").  The mortgage named Mortgage Electronic Registration Systems, Inc. ("MERS") as mortgagee serving in a nominee capacity for BNC and BNC's successors and

_____

* Former Justice specially assigned to the Superior Court.

assigns. In the mortgage, Appellants agreed that MERS and MERS's successors and assigns had the right and power to assign the mortgage.

> Borrower does hereby mortgage, grant and convey to MERS and to the successors and assigns of MERS, the following described property . . . Borrower understands and agrees that MERS has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

Mortgage, page 3 of 16. On September 14, 2011, MERS assigned the Mortgage via allonge[1] to Appellee, U.S. Bank National Association, as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006 BC4. One week later, Appellee recorded the assignment.

In September 2012, the loan went into default. On February 17, 2013, Appellee filed a civil action against Appellants seeking foreclosure of the mortgage. Appellee alleged in its complaint that it had possession of the note duly indorsed, and Appellee attached a copy of the note indorsed in blank. Appellee also alleged that it had been assigned the mortgage and gave the recording information for the assignment.

On March 20, 2013, Appellants received personal service of the complaint. Appellants failed to appear or defend. Accordingly, on April 12,

---

[1] An allonge is "[a separate] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements." *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1259 n.2 (Pa. Super. 2013).

2013, Appellee served Appellants a ten-day notice of intent to enter a default judgment against them pursuant to Pa.R.C.P. 237.1. The ten-day notice provided:

> THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. THIS NOTICE IS SENT TO YOU IN AN ATTEMPT TO COLLECT THE INDEBTEDNESS REFERRED TO HEREIN, AND ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THAT PURPOSE. IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT A DEBT, BUT ONLY AS ENFORCEMENT OF LIEN AGAINST PROPERTY.
>
> IMPORTANT NOTICE
>
> YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO ENTER A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILE IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS.
>
> YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

On April 25, 2013, Appellee filed a praecipe for in rem judgment for failure to answer and assessment of damages pursuant to Pa.R.C.P. 237.1, which included the following certification that Appellee provided ten-day notices to Appellants: "I hereby certify that (1) [Appellants'] last known addresses are 855 STRAHLE STREET, PHILADELPHIA, PA 19111-1349 and

5141 SPRUCE STREET, PHILADELPHIA, PA 19139-4104, and (2) that notice has been given in accordance with Rule Pa.R.C.P. 237.1."[2] Attached to the praecipe was the ten-day notice. Accordingly, on April 29, 2013, the court entered a default judgment in favor of Appellee and against Appellants.

On February 5, 2018, nearly five years after entry of judgment, Appellants filed a motion to strike the default judgment. The trial court denied Appellants' motion, and this timely appeal followed. The trial court filed a Pa.R.A.P. 1925 opinion without ordering Appellants to file a statement of matters complained of on appeal.

Appellants raise a single issue in this appeal: "Did the lower court err in denying [Appellants'] motion to strike the default judgment?" Appellants' Brief at 5. Within the framework of this single argument, Appellants raise multiple subarguments that we address below.

A petition to strike a judgment operates as a demurrer to the record, and the court may grant the petition only when a fatal defect appears on the face of the record. **Belliveau v. Phillips**, 207 A.3d 391, 395 (Pa. Super. 2019). When deciding a motion to strike, the court may look only at what was in the record at the time of entry of judgment. **Cintas Corp. v. Lee's**

---

[2] Although there were two ten-day notices, one sent to the Strahle Street address and one to the Spruce Street address, we will refer to them as a single 10-day notice for the sake of convenience.

- 4 -

*Cleaning Servs., Inc.*, 700 A.2d 915, 917 (Pa. 1997). Matters *dehors* the record filed by the party in whose favor the [judgment] is given will not be considered.[3] **Northern Forests,** 130 A.3d at 28. In an appeal from an order denying a petition to strike, our standard of review is *de novo*, and our scope of review is plenary. **Beliveau**, 207 A.3d at 395.

Appellants argue that the default judgment should be stricken because the ten-day notice included additional text concerning debt collection not permissible under Pa.R.C.P. 237.5. We disagree. The record establishes that Appellee's law firm is a "debt collector." Under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p, the firm had the duty to notify Appellants in the ten-day notice of its status as a debt collector.

Pa.R.C.P. 237.1 provides in relevant part:

No judgment ... by default for failure to plead shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered . . . in the case of a judgment by default, after the failure to plead to a complaint and at least ten days prior to the date of the filing of the praecipe to the party against whom judgment is to be entered and to the party's attorney of record, if any.

Pa.R.C.P. 237(a)(2)(ii). Pa.R.C.P. 237.5 provides that the notice required under Rule 237.1 shall be "substantially in the following form":

---

[3] In contrast, in a petition to open judgment, the court may consider matters outside the record. **Northern Forests II, Inc. v. Keta Realty Co.**, 130 A.3d 19, 28 n.9 (Pa. Super. 2015). Appellants did not file a petition to open in this case.

IMPORTANT NOTICE

YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO ENTER A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILE IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

_____
(Name of Office)

_____
(Address of Office)

_____
(Telephone Number)

_____
(Signature of Plaintiff or Attorney)

_____
(Address)

*Id.* The intent of these rules is to allow the defaulting party a full ten-day period to cure the default.

In the present case, the ten-day notice included all text required under Rule 237.5 plus one paragraph concerning debt collection:

THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. THIS NOTICE IS SENT TO YOU IN AN ATTEMPT TO COLLECT THE INDEBTEDNESS REFERRED TO HEREIN, AND ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THAT PURPOSE. IF YOU HAVE PREVIOUSLY RECEIVED A DISCHARGE IN BANKRUPTCY, THIS CORRESPONDENCE IS NOT AND SHOULD NOT BE CONSTRUED TO BE AN ATTEMPT TO COLLECT A DEBT, BUT ONLY AS ENFORCEMENT OF LIEN AGAINST PROPERTY.

Appellants maintain that Rule 237.5 does not permit debt collection text, and the inclusion of this text "overshadow[ed] the requisite intent of the [ten-day] notice." Appellants' Brief at 18. While Rule 237.5 does not require debt collection language, the FDCPA does. The FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity." *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995). The FDCPA prohibits multiple abusive practices by "debt collectors," including "[the debt collector's] failure to disclose in the initial [written or oral] communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications [except formal pleadings] that the communication is from a debt collector." 15 U.S.C. § 1692e(11). Attorneys "who regularly engage in consumer-debt-collection activity" are "debt collectors" under the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291, 299, (1995). Thus, attorneys who are debt collectors must notify consumers of their status as a debt collector in all communications, except formal pleadings.

In this case, the law firm asserted in the ten-day notice that it is a debt collector. Nothing in the record contradicts this assertion. Therefore, it is

impossible to explore this question further without considering evidence *dehors* the record, a procedure prohibited under the law governing motions to strike. **Northern Forests,** 130 A.3d at 28. Furthermore, the ten-day notice is not a formal pleading. **See** Pa.R.C.P. 1017 (pleadings in civil actions are limited to (1) a complaint and an answer thereto, (2) a reply if the answer contains new matter, a counterclaim or a cross-claim, (3) a counter-reply if the reply to a counterclaim or cross-claim contains new matter, and (4) a preliminary objection and a response thereto). Thus, under the FDCPA, it was proper—indeed, mandatory—for the law firm to include debt collection language in the ten-day notice.

It also deserves mention that aside from the debt collection language, the remainder of the ten-day notice was identical to the language in Rule 237.5 and clearly communicated Appellee's intent to enter judgment unless Appellants filed a responsive pleading within the next ten days. The ten-day notice thus fulfilled the purpose of Rules 237.1 and 237.5 by providing Appellants adequate notice and opportunity to cure their default.

We also observe Appellants do not provide any legal authority requiring that the notice be separate and apart from any other communication. Rule 237.1 makes clear that the notice need be only "substantially" in the form contained within the rule. Notably, the rule does not mandate that the notice be placed on a separate piece of paper that may not set forth any other information. Absent any direction in the rule to that effect, we decline to

engraft any such requirement upon the rule. Certainly, had such strict compliance with the rule been intended, the rule would have stated as much. ***See, e.g.,*** 75 Pa.C.S.A. § 1705 (notification of limited and full tort coverage shall be on a "standardized form adopted by the commissioner"); § 1731(c.1) (insurance waiver of uninsured and underinsured must be printed on "separate sheets in prominent type and location"); § 1738(e) ("[a]ny rejection form that does not comply with this section is void"). ***Compare Winslow-Quattlebaum v. Maryland Casualty Group***, 752 A.2d 878, 881 (Pa. 2000) (placement of rejection of both uninsured and underinsured coverage of same "separate" sheet did not violate statute as rejections were clear and nothing in statute required both rejections to be on separate sheets), and ***Allstate Insurance Company v. Seelye***, 846 A.2d 1286, 1288 (Pa. Super. 2004) (despite language of § 1738, nothing prohibits addition of three words). For these reasons, the content of the ten-day notice does not entitle Appellants to relief from the judgment.

Next, Appellants moved to strike the judgment on the ground that the certification attached to the praecipe for entry of default judgment differed from the language prescribed in Rule 237.1. Specifically, instead of stating that Appellee "mailed or delivered" the praecipe to Appellants, the certification stated that "notice has been given in accordance with Rule Pa.R.C.P. 237.1."

Under the doctrine of "substantial compliance" articulated in ***Green Acres Rehabilitation and Nursing Center v. Sullivan***, 113 A.3d 1261 (Pa. Super. 2015), Appellants' argument fails.

In ***Green Acres***, the defendant moved to strike the default judgment against her because the certification attached to the praecipe to enter default judgment improperly referred to a "motion for final judgment by default" and cited an inapplicable rule of New Jersey civil procedure. The trial court denied the motion to strike. We affirmed under the doctrine of substantial compliance, which permits courts to "overlook any procedural defect that does not prejudice a party's rights." ***Id.*** at 1272. We stated:

> Although the certification attached to Green Acres' praecipe mistakenly referred to a "Motion for Final Judgment by Default" and an analogous New Jersey rule of court regarding entry of default judgment, the language of the actual ten-day notice sent to Appellant was virtually identical to the language set forth in current Rule 237.5.
>
> Additionally, Green Acres sent the ten-day notice to Appellant more than ten days before it filed the praecipe for entry of default judgment. Thus, Green Acres fulfilled the purpose of Rule 237.1, which is to allow the defaulting party a full ten-day period to cure the default. Appellant fails to explain how Green Acres' alleged misstep in its certification attached to the praecipe prejudiced Appellant in any way. A review of the record as a whole reveals Green Acres had substantially complied with the applicable ten-day notice requirements before it sought entry of a default judgment against Appellant.

***Id.*** at 1273. Similarly, in the present case, Appellants suffered no prejudice from the omission of "mailed or delivered" from the certification or the inclusion of "notice has been given in accordance with Rule Pa.R.C.P. 237.1."

- 10 -

The certification substantially complied with Rule 237.1. ***Green Acres***, 113 A.3d at 1273.

Next, Appellants argue that Appellee lacked capacity to prosecute this action because it is not registered as a foreign corporation in Pennsylvania. We disagree. As noted above, a petition to strike a judgment can raise only defects that appear on the face of the record at the time of judgment. At the time of judgment in this case, the record listed Appellee's business address as 3476 Stateview Boulevard, Fort Mill, South Carolina, but was silent as to whether Appellee was registered as a foreign corporation in Pennsylvania. The mere fact that Appellee has an out-of-state address does not establish that it is unregistered in Pennsylvania. Thus, nothing on the face of the record supports Appellants' argument.

Appellants further argue that Appellee lacks standing to prosecute this action because the allonge assigning the note to Appellee was invalid since it was not permanently affixed to the original promissory note. Appellants assert that "the pertinent language of UCC § 3-202(2) provides that when an indorsement is written on a separate piece of paper from a note," as it was here, "the paper must be so firmly affixed thereto as to become a part thereof." Appellants' Brief at 27-28. The allonge herein, Appellants continue, was not permanently affixed to the note, because several pages of the note had "a sharp line in the left hand corner possibly indicating a staple or a fold," but the allonge did not. ***Id.*** at 28.

Regardless of the validity of the allonge, the record establishes Appellee's standing to prosecute this action. The record establishes that Appellee possesses the note secured by the mortgage and that the note is endorsed in blank.[4] Under Pennsylvania's UCC, Appellee, as holder of the note, is entitled to enforce the note against Appellants, even if there remains some question as to the chain of possession of the note. *JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258 (Pa. Super. 2013). *See also* 13 P.S. § 3109(a)(promise or order to pay to bearer). The record also reflects that on September 14, 2011, MERS assigned the mortgage to Appellee, which recorded the assignment in the Office of the Recorder. Complaint, ¶ 5. It is established that a mortgage follows the note. *See CitiMortgage, Inc. v. Barbezat*, 131 A.3d 65, 68 (Pa. Super. 2016) (mortgage is only a security instrument and cannot have a separate existence from the note); 13 P.S. § 9203(g). On February 17, 2013, Appellee filed a mortgage foreclosure complaint against Appellants, verified that it had possession of the note duly indorsed, and attached a copy of the note to the complaint.[5] Complaint, ¶ 3

---

[4] The Pennsylvania UCC defines a blank indorsement as follows: "If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a 'blank indorsement.' When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." 13 Pa.C.S.A. § 3205(b).

[5] The Rules do not require that a complaint in mortgage foreclosure include the original promissory note and associated allonges. *See* Pa.R.C.P. 1147 (identifying components required in mortgage foreclosure complaint); *Bank*

& exhibit A. Thus, Appellee was both the holder of the mortgage and possessor of the note at the time it filed the complaint. Nothing more was necessary to establish Appellee's standing to bring this foreclosure action.

Next, Appellants contend that Appellee failed to pay value for the assignment of the note. Appellants fail to point to any evidence on the face of the record as of the entry of judgment that supports this claim, nor do we see any. Accordingly, this claim does not serve as a valid ground for striking the judgment. **Cintus Corp.**, 700 A.2d at 917.

The final thirteen pages of Appellants' brief amount to the proposition that (1) the original holder of the note, BNC, ceased business operations in 2007, (2) MERS could not assign or transfer the note after BNC ceased operations, therefore (3) MERS' assignment to Appellee in 2011 was void *ab initio*. Once again, Appellants fail to point to any evidence on the face of the record as of the entry of judgment that supports this claim, nor do we see any. Therefore, this claim does not serve as a valid ground for striking the judgment. **Cintus Corp.**, **supra**.

For these reasons, the trial court properly denied Appellants' petition to strike the judgment.

Order affirmed.

---

**of New York Mellon v. Johnson**, 121 A.3d 1056, 1063 (Pa. Super. 2015) (party need not incorporate original promissory note to comply with Rule 1147).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/19